## *EX PARTE* SCARBOROUGH.

1. MANDAMUS TO PUBLIC BOARD.—Where a board of officers act judicially in reaching their conclusion and in rendering their decision, the writ of mandamus can issue only to compel action, and after action taken, the writ cannot issue to correct alleged errors in the action so taken.

2. STATE CANVASSERS—POWERS—MANDAMUS.—The act of 1882 (17 Stat., 1172) declares: "All County Boards of Canvassers, whether for State or federal elections, shall have the power, and it is made their duty, as judicial officers, to decide all cases under protest or contest that may arise, subject to appeal to the Board of State Canvassers, who shall also sit and act in all such matters as judicial officers." On a contest

before a Board of County Canvassers the contestant was declared to have received the highest number of votes for State senator, but on appeal by the contestee to the State Board, the action of the County Board was reversed. *Held*, that the State Board of Canvassers had judicial powers, and therefore a writ of mandamus could not issue to compel them to declare the contestant elected.

3. POWER OF STATE SENATE OVER ITS MEMBERS.—The action of the State Board was subject to the constitutional right of the State Senate to pass finally on the election returns and qualifications of its own members.

This was a petition by W. D. Scarborough for a writ of mandamus. On hearing the petition, the court issued a rule requiring the Board of State Canvassers to show cause why the writ should not issue as prayed for. To this rule return was duly made by the board, and there were no further pleadings.

*Mr. R. D. Lee*, for relator.

*Mr. Jos. H. Earle*, attorney general, and *Mr. L. F. Youmans*, contra.

November 26, 1890.    The following order was passed

PER CURIAM. On hearing the pleadings and argument of counsel: It is ordered, that the petition be dismissed, upon the ground that the State Board of Canvassers are now, by the express terms of the act of 1882, invested with judicial power "to decide all cases under protest or contest that may arise." Of course, the power thus vested in the Board of State Canvassers to determine judicially who is entitled *prima facie* to a seat in the senate, is subject to the power vested by the constitution in that body "to judge of the election returns and qualification of its own members." An opinion will hereafter be filed, giving more fully the reasons for this conclusion.

This order was signed by Chief Justice Simpson.

January 26, 1891. The opinion of the court was delivered by

MR. JUSTICE MCIVER. This petition was filed in, and addressed to, this court in the exercise of its original jurisdiction, praying that a writ of mandamus might issue, directed to the

Board of State Canvassers, "commanding them to make and sub-
scribe the proper statement, certifying therein that the peti-
tioner had received the greatest number of votes for the office of
State senator from Sumter County, and deliver the same to the
secretary of State."

It appears from the papers before us that the County Board
of Canvassers for Sumter County, after canvassing the votes
of the county given at the recent general election, made a state-
ment thereof, showing, amongst other things, that the petition-
er had received the greatest number of votes for senator, and
transmitted the same, together with the protest of the opposing
candidate, H. F. Abbott, to the Board of State Canvassers, who
reversed the decision of the County Board and decided that the
said H. F. Abbott had received the greatest number of votes for
the office in question. If the Board of State Canvassers, in reach-
ing their conclusion and rendering their decision, acted
as judicial officers, then it is well settled that the writ
prayed for cannot issue; for while this writ may be issued
to compel a judicial officer to act, it cannot be used as a writ of
error to correct any supposed incorrect action. This doctrine
is too well established to need the citation of any authority to
support it.

The sole question, then, presented for decision is, whether the
Board of State Canvassers, in a matter of this kind, act as judi-
cial officers. Under the law as it was originally enacted,
and as construed in the case of *Ex parte Mackey* (15 S.
C., 322), it might have been claimed that in passing upon
an election for a member of the State senate, the duties of the
Board of State Canvassers were merely ministerial, for by the
terms of the original statute they were only invested with power
"to decide all cases under protest or contest that may arise, when
the power to do so does not by the constitution reside in some
other body;" and as the constitution does invest each branch of
the general assembly with the power to judge of the election re-
turns and qualifications of its own members, the inference was
that the Board of State Canvassers was not invested with any
judicial powers to decide upon a protest or contest of an election

for either branch of the general assembly of this State or for Congress.

But the law has been amended by the act of 5th of July, 1882 (17 Stat., 1172), expressly investing the Board of State Canvassers with judicial power in *all* cases under protest or contest. The language of that act is as follows: "All County Boards of Canvassers, whether for State or federal elections, shall have the power, and it is made their duty, as judicial officers, to decide all cases under protest or contest that may arise, subject to appeal to the Board of State Canvassers, who shall also sit and act in all such matters as judicial officers." In view of this explicit declaration of the law-making power, we do not see how it is possible to escape the conclusion that the Board of State Canvassers having acted as judicial officers in this matter, their action cannot be reviewed or revised by mandamus.

It is scarcely necessary to add that the power thus vested in the Board of State Canvassers to decide as judicial officers who, in a given case, has received the largest number of votes for the office of State senator, is, of course, subject to the power vested in the senate by the Constitution (art. II., sec. 14) to judge of the election returns and qualifications of its own members.

For these reasons the order dismissing the petition has already been entered.