0493

Barney Kary MARTIN, Jr., Respondent, v. Mary Jean Martin ROSS, Appellant.

(331 S. E. (2d) 785)

Court of Appeals

*James A. Stuckey* and *Lawrence C. Kobrovsky*, both of Charleston, *for appellant.*

*Ernest R. Reeves, Jr.,* of *Neighborhood Legal Assistance Program, Inc.,* of Charleston, *for respondent.*

Heard April 15, 1985.

Decided June 10, 1985.

SHAW, Judge:

This appeal is from a family court order providing visitation privileges for respondent Barney Kary Martin, Jr., and denying appellant Mary Jean Martin Ross's counterclaim for terminating his parental rights. We affirm in part and remand.

The parties were divorced October 6, 1981, and a Property Settlement Agreement was "incorporated, but not merged" into the order. The agreement provided: "in event that either party shall fail to abide by the terms hereof, the other shall have ... the right to sue for breach of contract."

I

Mr. Martin brought this action August 4, 1982, to establish specific visitation privileges. He testified that during the separation he saw the child two or three times per week and Mrs. Ross collected his support payments from him once per week. After the divorce the parties agreed for Mr. Martin to mail the payments. However, the payments were returned marked "moved, left no address, return to sender." Mr. Martin's efforts to obtain a new address were unavailing. Therefore he stopped mailing payments. Ultimately he discovered where Mrs. Ross worked and attempted to telephone her but she refused to talk.

Mrs. Ross contradicted this testimony. She testified she feared Mr. Martin might harm the child and take him out of the state. She also testified she feared he would harm her new husband.

It was stipulated six months had elapsed since Mr. Martin had supported or visited the child.

The party seeking to terminate parents rights must meet the clear and convincing standard of evidence. *Santosky v. Kramer*, 455 U. S. 745, 102 S. Ct. 1388, 71

L. Ed. (2d) 599 (1982). When the trial judge refused to terminate parental rights, he gave Mr. Martin's testimony more credibility. His decision should not be disturbed unless a clear abuse of discretion is shown. *Clardy v. Clardy,* 266 S. C. 270, 222 S. E. (2d) 771 (1976). *Long v. Long,* 247 S. C. 250, 146 S. E. (2d) 873 (1966). This court will not substitute its judgment for that of the family court.

## II

At trial the judge ruled he had no jurisdiction to consider the issues of child support, visitation, custody, or property, by virtue of the settlement agreement.[1] An agreement entered into upon divorce cannot prejudice the rights of the children. *Lunsford v. Lunsford,* 277 S. C. 104, 282 S. E. (2d) 861 (1981). Therefore, the judge erred in ruling that he had no jurisdiction. For this reason, we remand for the judge to set Mr. Martin's visitation rights. In view of the prior difficulties which Mr. Martin has experienced in visiting his child, his visitation rights should be specifically structured.

Accordingly, the denial of appellant's counterclaim for termination of respondent's parental rights is affirmed, and, the question of visitation for respondent is remanded for the trial court to set a structured visitation schedule.

Affirmed in part and remanded.

SANDERS, C. J., and BELL, J., concur.

---

[1] Despite the judge's ruling at trial, his order awarded "reasonable visitation rights" to respondent. It is reversible error for a judge to sign a written order contrary to the ruling pronounced at the hearing. *McCranie v. Davis,* 278 S. C. 513, 299 S. E. (2d) 338 (1983).