0847

Dr. Julian Cleon JOSEY, Appellant-Respondent v.
Jean Yarborough JOSEY, Respondent-Appellant.

(351 S. E. (2d) 891)

Court of Appeals

*G. Ray Harris,* Spartanburg, *for appellant-respondent.*

*John A. Hagins, Jr.,* Greenville, and *Bruce Foster,* Spartanburg, *for respondent-appellant.*

Heard Oct. 15, 1986.

Decided Dec. 29, 1986.

CURETON, Judge:

In this divorce action the trial judge granted the wife a divorce from the husband on the ground of adultery, divided the parties' marital property and awarded the wife alimony and child support. Both parties appeal. We affirm in part, reverse in part and remand.

Appellant husband is a successful physician in Spartanburg, South Carolina. Respondent wife, although a college graduate, has not worked outside the home since shortly after the birth of their oldest child. The parties have three children who were ages 20, 18 and 13 at the time of the divorce hearing. The two oldest children are in college at Washington and Lee University and the youngest child is still in the home in the custody of the wife. Over a period of several years, the relationship of the parties deteriorated with the husband becoming interested in another woman. Finally, in November 1983, the husband left the marital home.

The present action was filed by the wife alleging that the husband had physically abused her and had committed acts of adultery. She prayed for alimony, child support, custody of the children, equitable distribution of marital property, attorney fees, court costs and use of the marital home. The husband denied that he had been physically abusive to the wife or that he had committed acts of adultery.

The trial judge found that, although over a period of several years prior to the separation of the parties the husband had physically abused the wife, the abuse did not result in the breakup of the marriage but did contribute to its destruction. He also found that the husband had committed adultery and that his adulterous conduct caused the breakup of the marriage.

The husband was found to have earned an income of $163,818.50 in 1983 and $141,237.74 plus fringe benefits of

$23,000.00 in 1984. The court found that the net value of the marital estate was $833,981.00, less the value of the land on which the marital residence sits. The land was found to be nonmarital property. The court included in the marital estate the husband's profit sharing plan worth $49,695.00 and his pension plan worth $159,989.91. The wife was awarded a forty percent interest in the marital estate. The divorce decree provided that after crediting the husband with the value of the furniture and the cash value of an insurance policy which were awarded to the wife, the husband would pay the wife the remainder of $200,000.00 of her equity within 30 days. The balance of the award was required to be paid to the wife in two annual installments.

The husband does not challenge the proportional distribution of the marital estate, but argues that it was error to classify his pension and profit sharing plans as marital property and that the trial judge erroneously placed a value of $833,981.00 on the marital estate. He also argues that the trial judge committed reversible error: (1) by advising the attorneys that he had decided the issues of the case in one manner, yet issuing an order deciding the issues differently: (2) in awarding alimony and child support of $60,000.00 per year; and (3) in awarding attorney fees of $15,500.00 and suit expenses of $9,500.00.

The wife's principal argument pertaining to the apportionment of the marital property concerns the failure of the trial judge to find that the land on which the marital home sits is marital property. The home sits on an 8.7 acre tract of land. Both parties valued the home site at $288,000.00. The house is encumbered with mortgages totaling approximately $145,000.00. The wife also claims that the trial judge should have awarded her one-half of the marital estate. Finally, she argues the award of attorney fees was inadequate.

## IDENTIFICATION AND VALUATION
## OF MARITAL PROPERTY

Dr. Josey first argues that the trial judge should not have included his pension and profit sharing plans in the marital estate because both plans are employer financed and not subject to division under *Smith v. Smith*, 280 S. C. 257, 312 S. E. (2d) 560 (Ct. App. 1984). *Smith*, of

course, did not address the division of a voluntary contributory pension. In the recent case of *Watson v. Watson*, _____ S. C. _____ , 351 (S. E. (2d) 883 (S. C. Ct. App. 1986) this Court dealt with a profit sharing plan similar to the plan involved in this case. After deciding that the plan was both contributory and voluntary, this Court then held that the contributory nature of a plan is not dispositive of whether it should be classified as marital property. We listed nine factors in *Watson* that a trial judge should consider in determining whether a specific pension or profit sharing plan should be classified as marital property. Here, the record does not permit us to properly apply the factors enumerated in *Watson*, especially as to the pension plan. We therefore remand the question of whether these plans are marital property to the trial court to take additional testimony, if necessary, and make specific findings of fact based upon the *Watson* factors.

The husband next claims error in the trial court's valuation of the marital estate. To arrive at the value of the marital estate, and because all of the marital property was listed on the husband's financial statement attached to his financial declaration, the trial court ascertained the husband's net worth, then subtracted from his net worth the value of his separate property. In so doing, the trial court found the husband's net worth to be the $847,981.00 represented by his financial declaration, plus an adjustment of $66,000.00 to account for an increase in value of some condominium units as testified to by the wife's real estate expert, less a reduction of $80,000.00 for inherited property which was included on the financial statement.

The husband claims the trial judge should not have used the net worth figure of $847,981.00 from his financial statement as a starting point because, according to his tax expert, accrued capital gains taxes of $171,000.00 should have been deducted from that figure, reducing his effective net worth to $676,981.00. The trial court found that this was an inappropriate adjustment. We agree. On cross examination the tax expert admitted that the $171,000.00 figure was an estimate of the taxes that would be due if the husband were to sell all his assets, then pay the wife her proportionate share from the sale proceeds.

While the decree requires a sale of some assets, we would be required to speculate as to what, if any, taxes would have to be paid by the husband. Moreover, any assets transferred to the wife as part of the division would not result in a transfer taxable to the husband. I.R.C. Section 1041 (Law. Co.-op. 1985). This contention is without merit.

We agree with the husband that the $66,000.00 adjustment the trial court made in the value of the condominium units is not sustained by the record. The husband's financial statement reflects his one-third interest in the condominiums based upon a gross appraisal of $520,000.00. The court relied upon the wife's appraiser who appraised the condominiums at $572,000.00. The difference between these appraisals is only $52,000.00, not $66,000.00. Moreover, the appraiser testified that the seller could expect to pay a six percent commission on the sale or $34,000.00. If the $52,000.000 is reduced by the amount of the commission, the increase in value to be added to the net worth figure is approximately $18,000.00.

The husband also argues other errors in valuation of the marital estate, but we find them to have no merit and dispose of them under provisions of Section 14-8-250, Code of Laws of South Carolina, 1976.

Regarding the equitable division, the wife's first argument is that the 8.78 acres of land on which the marital home sits is marital property. The trial judge found that the land was a gift solely from the husband's parents to the husband. While there is evidence to sustain this finding, the trial judge did not address the question of whether any portion of the property had been transmuted into marital property. The husband's counsel conceded during oral argument that under *Cooper v. Cooper*, 289 S. C. 377, 346 S. E. (2d) 326 (Ct. App. 1986), a portion, but not all, of the tract had been transmuted into marital property. Because we cannot determine for the record what portion of the 8.78 acres was transmuted, we remand this issue to the trial court to take testimony, if necessary, and to determine what portion of the tract has been transmuted into marital property.

The wife next argues that she should have been awarded title to the marital home. A family court has

wide discretion in effecting a division of marital property and may employ any reasonable means at its disposal to do so. *Taylor v. Taylor*, 267 S. C. 530, 229 S. E. (2d) 852 (1976); *LaFitte v. LaFitte*, 280 S. C. 473, 313 S. E. (2d) 41 (Ct. App. 1984). Here, although the wife's equitable interest in the marital estate apparently exceeds the equity in the house, she was not awarded the house because the judge found that she could not afford it. The husband has indicated an intent to sell the house and has voiced no objection to the wife receiving the house as long as it does not affect the amount of support he is required to pay her. The wife loves the home dearly. Under these circumstances, the home should have been awarded to the wife with the proviso that its maintenance will not affect the amount of her future alimony. Such a disposition will also serve to minimize the possibility that the husband will have to pay capital gains taxes as a result of the equitable division.

The wife's final argument is that she should have been awarded one-half the marital estate. Perhaps a family court's most difficult task in distributing the marital estate is to determine an appropriate division. The amount should bear a reasonable relationship to the relative direct and indirect contributions of the parties to the acquisition and maintenance of the marital property. *Stearns v. Stearns*, 284 S. C. 459, 327 S. E. (2d) 343 (1985); *Jones v. Jones*, 281 S. C. 96, 314 S. E. (2d) 33 (Ct. App. 1984). We find a reasonable relationship between the wife's award and her contributions to the acquisition and maintenance of the marital estate. If anything, the wife's award was on the generous side. No abuse of discretion having been shown by the wife, the proportionate division of the estate is affirmed.

Because we have remanded the question of whether the pension and profit sharing plans should be included in the marital estate, and also the matter of what portion of the land on which the marital home is located should be classified as marital property, we cannot pass upon the ultimate value of the estate at this time. On remand, the trial court should first determine if the pension and profit sharing plans are marital property. If found not to be, their values as found by the trial judge should be deducted from the initial net worth figure of the husband. Thereafter, an addi-

tional adjustment should be made by increasing this figure by $18,000.00. This adjusted sum should then reduced by the $80,000.00 inheritance and by the value of the acreage found not to be marital property. The wife should then be awarded forty percent of the last mentioned figure.

## ALIMONY AND CHILD SUPPORT

The husband appeals the alimony award claiming it to be excessive and further argues that an award of $48,000.00 per year in alimony "can only serve to deter self improvement and precludes any viable option of her remarriage." Because we have remanded the equitable distribution award, and because the amount received in equitable distribution is a factor to be considered in awarding alimony, we remand this issue for reconsideration in light of the wife's final equitable distribution award. *Johnson v. Johnson*, 288 S. C. 270, 341 S. E. (2d) 811 (Ct. App. 1986). We agree with the husband that the ultimate alimony award, while based upon the reasonable needs of the wife, should not serve as a disincentive for her to make reasonable efforts to improve her employment potential or dissuade her, to the extent feasible, from becoming self-supporting. *Crim v. Crim*, 289 S. C. 360, 345 S. E. (2d) 515 (Ct. App. 1986).

The husband's principal complaint regarding the child support award of $1,000.00 per month is that it is excessive in view of the alimony award and the fact that the wife was given the right to claim the child as a dependent. The wife, on the other hand, claims the award was inadequate. We find no abuse of discretion. The record supports the child support award. As regards the child as a tax exemption, the husband does not suggest in his brief what we should do about that. Moreover, as we understand the Federal Tax Laws, the wife, as custodian of the child, would be the one entitled to claim the child as a dependent unless she relinquished that right in writing. I.R.C. Section 152(e) (Law. Co.-op. 1985).

## ATTORNEY FEES AND SUIT MONEY

The court ordered the husband to pay $15,500.00 of the wife's attorney fees, but credited him with the $3,500.00 previously paid in temporary attorney fees.

Both parties appealed the award. The husband claims the award was excessive while the wife argues the award was insufficient. We affirm. The trial court found that the wife's attorneys were "both experienced and respected for their professional qualifications and have submitted affidavits of service rendered at reasonable rates totaling approximately $20,000.00." The husband argues that since the wife hired two attorneys, she should be required to pay part of their fees. He has not shown, however, that the attorneys duplicated services. In fact, the record shows there was a clear delineation of duties between the attorneys. Attorney fees are discretionary with the trial judge. *Lyvers v. Lyvers*, 280 S. C. 361, 312 S. E. (2d) 590 (Ct. App. 1984). Although the factual findings of the trial court pertaining to the attorney fees award are not exhaustive, our review of the affidavits together with the decree demonstrate that the trial judge's award is factually supported by the record and does not constitute an abuse of discretion. *Brewington v. Brewington*, 280 S. C. 502, 313 S. E. (2d) 53 (Ct. App. 1984). We find no merit to the arguments of either party.

In addition to the attorney fees, the trial court ordered the husband to pay costs and expenses of litigation of $9,500.00. Both parties agree that this assessment is inaccurate. The evidence shows costs and expenses of $6,489.00. The award is modified accordingly.

## EX PARTE COMMUNICATIONS BETWEEN WIFE'S COUNSEL AND THE COURT

The husband claims that the final decree does not reflect the decision of the trial judge, but is the product of ex parte communication which allegedly transpired between the wife's attorney and the judge. There is nothing in the record which provides the court with information regarding the trial judge's decision other than some general remarks of the judge at the end of the hearing and a letter from the husband's attorney to the trial judge dated about a week before the date of the decree in which he complains that the order proposed by the wife's attorney goes beyond the instructions furnished by the judge.

According to the husband's attorney, the court contacted him and gave him instructions to prepare an

order. The court then contacted one of the wife's attorneys and requested that he prepare a proposed order within the parameters of the same instructions furnished the husband's attorney. The wife's attorney claims that the trial judge gave him permission to go outside his instructions in certain provisions of the order if he could justify such provisions. The wife's attorney then prepared a proposed order that varied in several respects from the instructions and cited case law to justify the deviations from instructions. We find no error. While the Supreme Court and this Court have said that it is reversible error for a judge to sign an order contrary to a ruling announced in open court, *McCranie v. Davis*, 278 S. C. 513, 299 S. E. (2d) 338 (1983); *Martin v. Ross*, 286 S. C. 43, 331 S. E. (2d) 785 (Ct. App. 1985), where, as here, the trial judge requests proposed orders, he is free to accept or reject all or any portion of such orders. We reject the husband's argument.

Affirmed in part, reversed in part and remanded.

BELL and GOOLSBY, JJ., concur.