1458

Thomas R. LUKACS, d/b/a Low Country Concrete, Respondent v. Medley Randolph WALKER, Strico Development Corporation and First Trident Savings and Loan Association of whom Strico Development Corporation is appellant. Appeal of STRICO DEVELOPMENT CORPORATION.

(390 S. E. (2d) 365)

Court of Appeals

*George Raymond McElveen, III*, of *McElveen & McElveen*, Columbia, *for appellant.*

*Cheryl D. Shoun* and *Robert T. Lyles, Robinson, Craver, Wall & Hastie*, Charleston, *for respondent.*

Heard Jan. 18, 1990.

Decided Feb. 20, 1990.

SHAW, Judge:

Respondent, Thomas R. Lukacs, doing business as Low Country Concrete, sued appellant, Strico Development Corporation, for failure to pay sums due under a contract. Lukacs moved for summary judgment against Strico. From an order of the trial judge granting Lukacs' motion, Strico appeals. We affirm.

This appeal arises from multi-party litigation involving the construction of a residence. Lukacs, a subcontractor, alleged Strico, a general contracting firm, failed to pay the sum of $12,308.80 due under an agreement between the parties for labor, services and materials furnished by Lukacs. On June 30, 1988, Strico filed and served a summary judgment motion against a third party. This motion was scheduled and heard on August 11, 1988. On July 27, 1988, Lukacs filed and served a motion for summary judgment against Strico. At the time of the August 11, 1988 hearing on Strico's motion for summary judgment, Lukacs' attorney appeared and requested the motion for summary judgment against Strico be heard. Counsel for Strico objected to the hearing of Lukacs' summary judgment motion stating that the motion

had not been scheduled to be heard and he had affidavits he wanted to file. The trial judge then rescheduled the hearing on the motion for the following morning.

On August 12, 1988, counsel for Strico appeared at the hearing but failed to object to the scheduling of the hearing on that day. He merely argued the contract on which Lukacs' cause of action and summary judgment motion was based had been renegotiated by a third party who was another defendant named in the case. However, Strico's counsel was unable to present any evidence in support of this position.

At the hearing, the trial judge granted Lukacs' motion for summary judgment and ruled, as a matter of law, Lukacs was entitled to attorney's fees under the contract. He did not state a definite dollar amount for Lukacs' judgment nor set the amount of attorney's fees. On August 23, 1988, the trial judge issued his written order granting summary judgment to Lukacs in the amount of $12,308.80 along with reasonable attorney's fees.

Strico first contends the trial judge erred by ruling on Lukacs' motion for summary judgment without giving Strico ten days notice of a date certain on which the hearing would be held pursuant to Rule 56(c) S. C. R. C. P. Lukacs argues the rule does not require ten days notice of a date certain, but requires the motion not be heard sooner than ten days from the date of service of the motion.

While both parties present compelling arguments, we ■ do not address the question of whether ten days notice of a date certain is required by Rule 56(c), for this issue was not properly raised or preserved. The record reflects the following colloquy between the trial judge and Strico's counsel after objection that the motion had not been scheduled:

THE COURT: You've had ten days.

MR. McELVEEN: That's right but this particular motion here today was served about six weeks ago.[1] I was notified by the Clerk's Office to be here on this motion, but if you want to go ahead with it I'll....

[1] This apparently refers to Strico's summary judgment motion against a third party.

THE COURT: We can do it in the morning and give you a chance, if you want to. I've got to get rid of it since I have it to clear up this docket. If you can't do it this afternoon I'll do it in the morning but I have to go forward with it. Do you want some time? I'll reschedule it first thing in the morning?

MR. McELVEEN: How about tomorrow morning?

First, counsel for Strico never argued before the trial judge that it was entitled to ten days notice of a date certain pursuant to Rule 56(c). *See Roche v. S. C. Alcoholic Beverage Control Commission*, 263 S. C. 451, 211 S. E. (2d) 243 (1975) (the purpose of an appeal is to determine whether the trial judge erroneously acted or failed to act and where the appellant's contentions are not presented or passed on by the trial judge, such contentions will not be considered on appeal). Further, the record before us indicates counsel for Strico failed to object to the rescheduling of the hearing on the following morning and, perhaps even acquiesced to the continuation of the motion hearing until that time.

Next, Strico contends the trial judge erred in signing a written order which was contrary to and varied in material terms from the ruling announced in open court. We disagree.

Although the trial judge granted Lukacs' motion for summary judgment without placing a specific dollar amount on it, the figure of $12,308.80 is clearly due under the contract upon which summary judgment was granted. Strico presented no affidavits or other evidence disputing the amount owed and attempts to argue a right to set off for the first time on appeal. We therefore find the written order granting summary judgment in the amount of $12,308.80 is consistent with the order from the bench granting summary judgment based on the contract. We further note that Strico failed to make a motion under Rule 59(e) S. C. R. C. P. for the trial judge to alter or amend the judgment rendered in the written order. From the record before us, we cannot agree that the written order is contrary to the oral order.

Accordingly, the judgment below is

Affirmed.

SANDERS, C. J., and GOOLSBY, J., concur.