## 1511

James M. WARD, Respondent v. Arlene R. MARTURANO, Appellant.
(394 S.E. (2d) 16)

Court of Appeals

*Ann L. Furr,* of *Furr & Delgado,* Columbia, *for appellant.*

*Joseph M. Fullwood* and *Elizabeth C. Fullwood,* both of *Fullwood & Fullwood,* Lexington, *for respondent.*

Heard May 7, 1990.

Decided June 18, 1990.

SHAW, Judge:

Respondent, James M. Ward, instituted this action seeking a reduction in child support. Appellant, Arlene R. Marturano, answered and counterclaimed seeking an increase in child support. From an order of the family court granting an increase but allowing the father's social security dependent allotment to satisfy a portion of the child support, the mother appeals. We affirm.

The parties to this action were married June 29, 1984 and divorced October 9, 1985. Of this marriage, one child was born who was four years old at the time of the hearing. Pursuant to a settlement agreement approved and adopted in part by the divorce decree, the father was ordered to pay child support of $275.00 monthly. At the time of divorce, the father was employed as a professor at the University of South Carolina. However, the record clearly demonstrates both parties anticipated the father would soon be retiring from his faculty position and would suffer a reduction in his income. On July 1, 1986, the father, who was 62 years old at the time of the hearing, retired from his faculty position. Shortly before he became eligible for social security benefits, the father learned his daughter was also entitled to social security benefits. The father testified, and the mother does not dispute, he was not aware at the time of the divorce that his daughter would be entitled to the benefits.

Upon reaching the age of 62 on January 30, 1988 the father, along with his daughter, became eligible for social security benefits. Since that time the mother has been receiving benefits for the daughter in the amount of $346.00 per month. Following a hearing on the matter, the trial judge found the

child's eligibility for benefits constituted a change of circumstances warranting reconsideration of child support. He increased the monthly child support to $400.00 but found the father was entitled to credit for the amount paid as social security benefits. Thus, the father was required to pay the difference between the $400.00 and the monthly benefit. The trial judge further found the father was entitled to credit for the past social security payments for the benefit of the child and that the father was not required to make any monthly payments until the accumulated credit due him was exhausted. The court further ordered the mother was to receive $300.00 in attorney's fees from the father finding the $600.00 fee charged by her attorney was reasonable.

The mother first contends the trial judge erred in finding the father was entitled to credit for the social security benefit payment against his $400.00 monthly child support obligation. We disagree. The record before us clearly demonstrates the father was unaware of his daughter's eligibility for benefits under his social security record at the time he entered the settlement agreement incorporating the $275.00 monthly support provision. The mother appears to believe the entire amount of this unexpected source of funds accumulated on the basis of the father's social security record should automatically inure to her as the custodial parent. Clearly, had the parties known of their daughter's eligibility for benefits at the time of the divorce, the amount of support agreed to by the parties and incorporated by the court would have been affected. The record as a whole demonstrates the father's financial situation at the time of this hearing differed little from that which was *anticipated* at the time of the divorce. On the other hand, the mother, a 45 year old teacher, now grosses $400.00 more per month from teaching than she did at the time of the parties' divorce. Her financial declaration submitted for this hearing indicates the mother also is voluntarily placing $500.00 per month from her salary into savings and still achieves a surplus after deducting monthly expenses from her net income.

The law is clear that both parents have an obligation to support their children. *Sauls v. Sauls*, 287 S.C. 297, 337 S.E. (2d) 893 (Ct. App. 1985). Considering the record as a whole, we find no abuse of discretion in the trial

judge's decision to increase the father's child support obligation to $400.00 per month and credit him with the amount of social security benefits received on behalf of the child.

The mother next contends the trial judge erred in crediting the father with all past social security payments when the father did not specifically request such relief in his pleadings. Rule 12 of the Family Court Rules provides that family court pleadings are to be liberally construed. In that due process requires a litigant be placed on notice of the issues which the court is to consider, this rule may not be stretched so as to permit the judge to award relief not contemplated by the pleadings. *Henry v. Henry*, 296 S.C. 285, 372 S.E. (2d) 104 (Ct. App. 1988). However, the primary issue before the court was the effect of the unexpected social security benefits on the father's support obligation. The family court, sitting as a court of equity, determined the father should be credited with these payments. While not specifically requesting credit for past payments, the father's petition prayed for "such other and further relief as this Court may deem just and proper." Further, by way of reply, the father requested "that the social security funds paid on his account for the support of the parties' minor child be credited towards his existing support obligation." We find the case developed such that the treatment of past paid benefits was at issue and the relief granted was consistent with the father's pleadings. The decision to credit the father with the payment of past social security benefits is therefore affirmed.

The mother further contends the trial judge erred in granting the father credit for past benefits in his written order when the ruling from the bench did not address the past payments. We disagree. Had the written order been clearly contrary to the ruling of the judge pronounced at the hearing, it would have constituted reversible error. *McCranie v. Davis*, 278 S.C. 513, 299 S.E. (2d) 338 (1983). That is not the case before us. The written order is consistent with the oral order. While it may have contained an element not present in the abbreviated ruling from the bench, it was not clearly contrary. *See Josey v. Josey*, 291 S.C. 26, 351 S.E. (2d) 891 (Ct. App. 1986).

Finally, the mother contends the trial judge erred in awarding her only $300.00 in attorney's fees. The award of attorney's fees and the amount thereof is a matter within the sound discretion of the trial judge and his ruling will not be disturbed absent an abuse of that discretion. *Rish v. Rish By and Through Barry*, 296 S.C. 14, 370 S.E. (2d) 102 (Ct. App. 1988). Although the wife requested $850.00 in attorney's fees, there is no affidavit in the record showing the amount of fees incurred in the present action. The only evidence of the amount of fees owed by the mother is in the order of the trial judge noting "that the $600 charged [the mother] by [the attorney] is a reasonable attorney's fee under the facts of this case." We find an award of $300.00 in attorney's fees is proper and find no abuse of discretion.

Affirmed.

BELL and GOOLSBY, JJ., concur.