1731

FIRST UNION NATIONAL BANK OF SOUTH CAROLINA, Respondent
v. HITMAN, INC., Mark D. Axler, Sherry A. Axler, NCNB South Carolina, of whom Hitman, Inc. is, Appellant, and Chris Construction Company is, Intervenor.

(411 S.E. (2d) 681)

Court of Appeals

*W. Brantley Harvey, Jr., John M. Tatum, III,* and *Noel M. Seeburg, Jr.,* all of *Harvey & Battey, P.A.,* Beaufort, *for appellant.*

*Edward E. Bullard,* Hilton Head Island, *for intervenor.*

*Russell P. Patterson* of *Jones, Scheider & Patterson,* Hilton Head Island, and *E. Douglas Pratt-Thomas,* of *Wise and Cole,* Charleston, *for respondent.*

*George Mullen,* Hilton Head Island, *for NCNB of South Carolina.*

Heard Sept. 11, 1991; Decided Dec. 2, 1991.

Reh. Den. Dec. 16, 1991.

*Per Curiam:*

The appellant, Hitman, Inc., moved to set aside a foreclosure sale on two grounds: the special sales date was not authorized by a court order; and the sales price was grossly insufficient. The respondent, First Union National Bank, objected to hearing the motion on insufficiency of the price, because it did not receive the required notice of the hearing.[1] First Union consented to a hearing on the sales date issue.

The trial judge orally ruled from the bench that he would set aside the foreclosure sale because of the sales date issue. He made no oral ruling on the price question or the failure to give proper notice. Thereafter, the trial judge issued a written order that refused to set aside the foreclosure sale. He held there was a proper order authorizing the special sales date. He also held that, assuming there was no proper order, Hitman was barred from challenging the sale by the doctrines of

---

[1] The hearing was held on the day after Hitman filed its motion.

laches, estoppel, and waiver. He did not address the merits of whether the sales price was grossly insufficient. He declined to reach this issue because Hitman did not give the required notice to First Union or Chris Construction Company (the purchaser at the judicial sale). Hitman appeals. We affirm.

The first question is whether the trial judge erred by issuing a written order differing from his bench ruling. Our research reveals only one case reversing a trial judge for this reason. *McCranie v. Davis*, 278 S.C. 513, 299 S.E. (2d) 338 (1983). This Court has cited the rule in several opinions, but it has never relied on it to reverse a trial court. *Ward v. Marturano*, 302 S.C. 112, 394 S.E. (2d) 16 (Ct. App. 1990); *Lukacs v. Walker*, 301 S.C. 80, 390 S.E. (2d) 365 (Ct. App. 1990); *Josey v. Josey*, 291 S.C. 26, 351 S.E. (2d) 891 (Ct. App. 1986); and *Martin v. Ross*, 286 S.C. 43, 331 S.E. (2d) 785 (Ct. App. 1985). In *Ward, Lukacs*, and *Josey*, we concluded the trial judge did not violate the *McCranie* rule. We noted the rule in *Martin*, but we reversed the trial court on a different ground. There, the trial court held the parents' divorce agreement deprived it of jurisdiction over child visitation. In reversing, we relied on the well-established rule that the agreements of parties to a divorce action cannot prejudice the rights of their children.

We conclude the trial judge did not err in issuing his written order. No order is final until it is written and entered. Rule 58(a), SCRCP; *see also, Case v. Case*, 243 S.C. 447, 134 S.E. (2d) 394 (1964) (judgments in general, and divorce decrees in particular, are not final until written and entered); *Bayne v. Bass*, 302 S.C. 208, 394 S.E. (2d) 726 (Ct. App. 1990) (divorce decree is not final until written and recorded). Until written and entered, the trial judge retains discretion to change his mind and amend his oral ruling accordingly. *Case; Bayne*.

We conclude that the rule in *McCranie* is a narrow holding limited to its facts. We also conclude any error by the trial judge is not preserved, because Hitman did not file a post-trial motion raising the question to the trial judge. *Lukacs*.

It is axiomatic that no error is reversible, unless it is preju-

dicial.[2] Upon questioning by this Court at oral argument, Hitman asserted two related forms of prejudice: absent the oral ruling, it would have further pursued its motion to set aside the sale on the grounds of the sales price being grossly insufficient; and it detrimentally relied on the oral ruling by not moving for a continuance on the price issue in order to give the required notice. Assuming this constitutes prejudice and detrimental reliance, these arguments could have and should have been raised in a post-trial motion.

After receiving the written order, Hitman knew there was the unraised and unruled upon issue of the contrary written order. Hitman knew the trial judge had refused to consider the sales price question, because Hitman had not given the required notice to First Union.[3] Hitman also knew it had never requested a continuance in order to give the required notice. Had Hitman filed a post-trial motion, and raised all of these issues, there would be a ruling and a record for this Court to review. The present record is insufficient for a review of the sales price and continuance matters, which are the only prejudice claimed by Hitman.

At oral argument, Hitman argued that Rule 59, SCRCP, applies to judgments only, and that the appealed order is not a judgment.[4] Assuming that Rule 59 applies to judgments only, the appealed order is a judgment; it "finally determines the rights" of the parties. Rule 54(a), SCRCP.

■ We now turn to the merits of the trial judge's written order, wherein he made two alternative rulings. First, he held that the sales date was authorized by a proper order. Second, he held that even if there was no proper order, Hitman could not set aside the sale on that basis because of laches, waiver, and estoppel. No exception and no appellate

---

[2] Of course, there is prejudice in the sense that the written order ruled against Hitman on its motion. We are concerned, however, with prejudice resulting from the issuance of a contrary written order, *i.e.,* detrimental reliance on the oral ruling prior to the issuance of the written order.

[3] We note that no exception challenges this ruling by the trial court.

[4] We note that oral argument is not the proper time for making this argument. It should have been made in a Reply Brief in response to First Union's argument on the issue.

argument specifically challenges the Master's ruling on laches, estoppel, and waiver.[5] Thus, his ruling is the law of this case.

Affirmed.

---

[5] Hitman's only argument is in the nature of an "unclean hands" defense to the assertion of estoppel, laches, and waiver. It argues that First Union inequitably failed to give notice of the special sales date for ten days prior to the sale. Hitman never objected to the sale on this basis. Moreover, Hitman did not make this specific defensive argument to the trial judge although its witnesses did complain about the delay; the trial judge did not rule on it; and Hitman did not file a post-trial motion to obtain a ruling.