533 S.E.2d 896

GATEWAY ENTERPRISES, INC., Respondent,

v.

SOUTH CAROLINA DEPARTMENT OF REVENUE, Appellant.

No. 25152.

Supreme Court of South Carolina.

Heard March 18, 1998.

Decided June 19, 2000.

General Counsel Harry T. Cooper, Jr., and Chief Counsel for Regulatory Litigation Nicholas P. Sipe, both of South Carolina Department of Revenue, of Columbia, for appellant.

H. Buck Cutts, of Surfside Beach, for respondent.

MOORE, Justice:

The circuit court reversed the Administrative Law Judge's (ALJ's) order. We reverse.

## FACTS

George Vinovich operated video poker machines in units 9 and 10 of a strip mall at 1807 Decker Boulevard in Columbia. In 1995, Vinovich was involved in litigation with appellant Department of Revenue (DOR). On August 17, 1995, an ALJ

ordered the revocation of all of Vinovich's video poker machine licenses in units 9 and 10. Vinovich appealed the decision to the circuit court. Circuit Court Judge Maring issued a temporary stay of the order of revocation. After a full hearing, on May 2, 1996, Judge Maring affirmed the ALJ and dissolved the temporary stay order. Judge Maring, however, did not immediately file the order.

Respondent Gateway Enterprises, Inc., is also in the video gaming industry. On May 10, 1996, Gateway leased units 3, 4, 9, and 10 at 1087 Decker Boulevard. On May 14, 1996, respondent obtained licenses for the video poker machines in units 3, 4, 9, and 10.

On May 15, 1996, at 9:18 a.m., Judge Maring filed his order affirming the ALJ and dissolving the temporary stay. At 2:00 p.m., DOR discovered a video poker machine operating in unit 4 with one of Vinovich's licenses which was subject to the revocation order. DOR seized the license and cited Gateway for operating an unlicensed machine. On May 17th, DOR returned and found video poker machines operating in units 9 and 10. Gateway was cited for violating S.C.Code Ann. § 12–21–2804(A) (Supp.1998). Section 12–21–2804(A) prohibits the operation of video machines at a location where licenses have previously been revoked. DOR sought the revocation of all of Gateway's licenses and the imposition of penalties. The ALJ ordered the revocation of all licenses being used in units 9 and 10 and imposed fines. Special Circuit Court Judge J. Stanton Cross, Jr., reversed. DOR appealed.

## ISSUES

1) Did the circuit court err in applying Rule 62(a), SCRP, to Judge Maring's May 15th order dissolving the stay?
2) Did the circuit court err in holding that licenses could not be revoked?

## DISCUSSION

1) Automatic Stay

█ DOR contends the circuit court erred in applying Rule 62(a), SCRCP. We agree.[1]

1. The ALJ Division has established its own Rules of Procedure as authorized by S.C.Code Ann. § 1–23–650 (Supp.1999). *See Al–Shabazz*

Rule 62(a) provides "no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of 10 days after its entry." "This automatic ten-day stay applies only to judgments as defined in Rule 54(a)." *See* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2902 (2d ed. 1995). The May 15th order dissolving the stay of the ALJ order is not a "judgment" subject to the automatic 10–day stay under Rule 62(a). *See* Rule 54(a), SCRCP. (" 'Judgment' as used in these rules includes any decree or order which dismisses the action as to any party or finally determines the rights of any party.").

Judge Maring filed his order affirming the ALJ's order and dissolving his order staying the ALJ's order on May 15, 1996. Since there is not an automatic 10–day stay, once Judge Maring dissolved the stay he had previously granted, DOR was entitled to immediately enforce the ALJ's order revoking the licenses.

### 2) Revocation of Licenses

█ DOR contends the circuit court erred in holding licenses could not be revoked because a licensee could not violate § 12–21–2804(A).[2] We agree.

---

*v. State*, 338 S.C. 354, 375–76, 527 S.E.2d 742, 753 (2000). Rule 34, ALJD, provides: "The filing of an appeal from the final decision of an *agency* shall stay the final decision of that agency unless the effect of filing an appeal is otherwise established by statute, the Administrative Procedures Act notwithstanding; or the administrative law judge has entered an order regarding the effect of the proceedings in the agency." (emphasis added). Rule 29(D), ALJD, provides: "An administrative law judge who issues a final order subject to judicial review *may* in the order stay its effect." Finally, Rule 52, ALJD, provides: "The South Carolina Rules of Civil Procedure may, where practicable, be applied in proceedings before the [Administrative Law Judge] Division to resolve questions not addressed by these rules."

Here, pursuant to Rule 34, the appeal of DOR's final decision to the ALJ was automatically stayed. The ALJ then issued his final order. Pursuant to Rule 29, there was not an automatic stay of the ALJ's order. Judge Maring, however, issued a stay pursuant to Rule 62, SCRCP.

**2.** We note the ALJ erred in ruling on the constitutionality of the statute. *See Al–Shabazz v. State*, 338 S.C. 354, 527 S.E.2d 742 (2000) (ALJs must leave question of statute's constitutionality to the courts).

The pertinent portion of § 12–21–2804(A) (emphasis added) provides: *"[DOR] shall revoke the licenses of an establishment which fails to meet the requirements of this section.* No license may be issued for a machine in an establishment in which a license has been revoked for a period of six months from the date of revocation." The circuit court held that Gateway could not violate this section as it refers to only DOR's actions in refusing to issue a license. In other words, the circuit court held the statute is a directive only to DOR not to issue licenses for certain machines. We disagree. Under this section, DOR clearly has the authority to refuse to issue any licenses to Gateway for the six month period and to revoke Gateway's licenses because it failed to meet the requirements of this section. Accordingly, the circuit court erred in reversing the ALJ.[3]

The circuit court's order is

**REVERSED.**

FINNEY, C.J., TOAL, J. and Acting Justice GEORGE T. GREGORY, Jr., concur.

BURNETT, J., dissenting in a separate opinion.

BURNETT, Justice:

I concur in the majority's analysis of § 12–21–2804(A). However, I disagree with the majority's conclusion Rule 62(a) does not apply to Judge Maring's May 15, 1996 order.

Rule 62(a), SCRCP, provides for an automatic stay of ten days after the entry of a final judgment. The purpose of the stay is to give the losing party a chance to comply with the order or file a notice of appeal and seek a stay pending appeal.

The majority holds "The May 15th order dissolving the stay of the ALJ order is not a 'judgment' subject to the automatic 10–day stay under Rule 62(a)." I agree the language dissolving the stay is not an appealable "judgment." However, the

---

**3.** DOR contends the circuit court erred in holding § 12–21–2804(A) is a penal statute and should be strictly construed against DOR. We agree. We do not find the statute ambiguous and therefore we do not need to apply any rules of statutory construction, including the one which requires penal statutes to be strictly construed against the State. Thus, we do not need to decide if the statute is, in fact, penal.

order does not merely dissolve the stay, but affirms the ALJ's decision revoking Vinovich's video poker licenses. "Judgment" under Rule 54 is defined as "any decree or order which dismisses the action as to any party or finally determines the rights of any party." Rule 54(a), SCRCP. The May 15th order is a judgment because it finally determined the rights of the parties. *See First Union National Bank of South Carolina v. Hitman, Inc.,* 306 S.C. 327, 330, 411 S.E.2d 681, 683 (Ct.App.1991), *aff'd,* 308 S.C. 421, 418 S.E.2d 545 (1992).

DOR contends it was the ALJ's order, not the circuit court's, it was enforcing, and the ALJ's order became enforceable the moment the stay was lifted. While not specifically adopting this argument, the majority nevertheless reaches the same result. In my opinion, DOR's argument is unpersuasive. The argument confuses the discretionary stay pending appeal from an administrative order under S.C.Code Ann. § 1–23–380(A)(2) with the automatic 10–day stay under Rule 62(a). Once the matter was appealed, jurisdiction transferred to the circuit court and its order was the final order of the case. The discretionary stay Judge Maring issued during the pendency of the appeal in no way affects the automatic 10–day stay of his final judgment under Rule 62(a).

I would hold Judge Maring's May 15, 1996 order was a final judgment under Rule 54, subject to Rule 62(a)'s ten-day stay.