545 S.E.2d 821

Senator Robert FORD, Respondent,

v.

STATE ETHICS COMMISSION of the Sovereign
State of South Carolina, Appellant.

No. 25286.

Supreme Court of South Carolina.

Heard March 20, 2001.
Decided April 23, 2001.

---

Cathy L. Hazelwood, of the State Ethics Commission, of Columbia, for appellant.

William L. Runyon, Jr., of Charleston, for respondent.

TOAL Chief Justice:

The State Ethics Commission ("Ethics Commission") appeals the trial judge's order finding that jurisdiction over Senator Robert Ford's ("Senator Ford") conduct is vested in the Senate Ethics Committee.

## FACTUAL/PROCEDURAL BACKGROUND

Senator Ford is a sitting member of the South Carolina Senate, and was a member of the Senate in 1998, when the alleged improper conduct occurred. Senator Ford also ran an activity known as the Black Community Development Committee ("BCD").[1] The record is unclear as to whether the BCD is a working committee with several members or conducted solely by Senator Ford.

During January through March of 1998, the Charleston County School Board proposed a referendum on a $350,000,000.00 bond issue. Senator Ford opposed the referendum through the BCD with funds solicited by the BCD. In February 1998, Senator Ford received approximately $5,000.00 from the BCD, which he used to oppose the bond referendum and "for generally educating the public on the condition of the school district."

After the bond referendum, a complaint was lodged with the Ethics Commission alleging that Senator Ford and the BCD had committed various campaign law violations. The record is

---

1. The Ethics Commission requested that Senator Ford register the BCD. Senator Ford complied.

unclear as to the exact nature of the alleged violations. Thereafter, the Ethics Commission began an investigation of Senator Ford in his role as chairman of BCD, a non-candidate, ballot measure committee. The Ethics Commission, as admitted in oral argument, then filed a complaint against "Senator Ford." On July 9, 1998, Senator Ford filed a summons and complaint in circuit court asserting the Ethics Commission did not have jurisdiction over Senator Ford and the BCD. On April 21, 1999, the trial court held a motion hearing and held the Ethics Commission did not have jurisdiction over Senator Ford's conduct. The Ethics Commission appealed. The issues before this Court are:

I. Did the trial court err in finding the Ethics Commission did not have jurisdiction over Senator Ford's non-candidate, ballot measure committee (the BCD)?

II. Did the trial court err in denying the Ethics Commission's motion to alter or amend the judgment where the trial court's oral order conflicted with its later written order?

## LAW/ANALYSIS

### I. Jurisdiction

■ The Ethics Commission argues the trial court erred in finding it did not have jurisdiction over Senator Ford's non-candidate, ballot measure committee. The Ethics Commission conceded at oral argument it did not have jurisdiction over Senator Ford, only the BCD Committee.[2] However, we find the Ethics Commission filed an action against Senator Ford, not the BCD Committee. Since the Ethics Commission clearly has no jurisdiction over Senator Ford, we find the trial court correctly held the Ethics Commission did not have jurisdiction.

---

2. South Carolina Code Ann. § 8–13–320 (Supp.2000) sets forth the duties and powers of the Ethics Commission. It provides, in relevant part, the Ethics Commission has the duty and power:

to initiate or receive complaints and make investigations, as provided in item (10), ... *of an alleged violation of this Chapter or Chapter 17 of Title 2 by a public official ... except members or candidates for the General Assembly unless otherwise provided for under House or Senate Rules.*

S.C.Code Ann. § 8–13–320 (Supp.2000) (emphasis added).

We are not foreclosing the Ethics Commission from investigating the BCD Committee. The record below does not indicate the makeup of the BCD. If the Commission can show the BCD is an actual committee, and not simply the alter ego of Senator Ford, the Commission may have the authority to investigate alleged misconduct by the BCD.[3]

## II. Motion to Amend

The Ethics Commission argues the trial judge erred in denying its motion to alter or amend the judgment when the trial judge's written order did not comport with the previous oral instructions issued by the trial judge, thereby placing the complaint in "jurisdictional limbo." We disagree.

At the April 21, 1999, motion hearing, the trial court verbally ordered the complaint be referred to the Senate Ethics Committee so the Committee could determine whether the complaint was within its jurisdiction. However, the April 23, 1999, written order specifically held the State Ethics Commission did *not* have jurisdiction, and jurisdiction regarding Senator Ford's conduct rested with the Senate Ethics Committee. There is no dispute a trial court has the discretion to change its mind and amend its oral ruling. *First Union Nat. Bank v. Hitman, Inc.*, 306 S.C. 327, 411 S.E.2d 681 (Ct.App.1991) *aff'd*, 308 S.C. 421, 418 S.E.2d 545 (1992).

However the Ethics Commission argues, by changing its mind, the trial court created the potential for the complaint to never be resolved. It argues the Senate Ethics Committee could determine the complaint was not within their jurisdiction, and then the Ethics Committee would be precluded,

---

3. However, at oral argument, the Ethics Commission stated one complaint against the BCD involved alleged violations of S.C.Code Ann. §§ 8–13–1322(A) and 8–13–1332(3), which place limits on contribution amounts and the sources of those contributions. We note the United States District Court for the District of South Carolina has recently held the limitations on the amount of contributions and on the persons from whom they may solicit contributions are unconstitutional to the extent they are applied to a not-for-profit organization seeking to influence a ballot initiative distinct from the election of any candidate. *Legacy Alliance, Inc. v. Condon*, 76 F.Supp.2d 674 (D.S.C.1999). Therefore, the Ethics Commission may be precluded from investigating the BCD on the ground it accepted more money than was allowed by the statute.

under the terms of the trial court's order, from pursuing the complaint.

The Ethics Commission's argument is without merit. Until written and entered, the trial judge retains discretion to change his mind and amend his oral ruling accordingly. *First Union, supra; Case v. Case*, 243 S.C. 447, 134 S.E.2d 394 (1964). The written order is the trial judge's final order and as such constitutes the final judgment of the court. The final written order contains the binding instructions which are to be followed by the parties. *See* Rule 58, SCRCP. Therefore, the complaint in this case is not in "jurisdictional limbo."

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the trial court's decision.

MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.