THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
St. Helena Congregation of Jehovahs Witnesses,       
Appellant,
 
 
 

v.

 
 
 
The Heirs at Law and the Distributees of Joe Major, a/k/a Joe Major, 
 Sr., Louise Major, and the Following Individuals or Entities Believed 
 to be Living or in Existence:  Joe Major, Jr. a/k/a Joe Major, II, James 
 L. Daise, Elizabeth Anderson, Ruth D. Terry, Mamie Washington, Margaret 
 P. Fraser, James C. Sang, Ibis, Inc., Joy Logan, Beaufort County Treasurer, 
 John Doe and Mary Roe,        Respondents.
 
 
 

Appeal From Beaufort County
Thomas Kemmerlin, Master in Equity

Unpublished Opinion No. 2004-UP-013
Submitted November 19, 2003  Filed 
 January 15, 2003

AFFIRMED

 
 
 
Gary Lewis, of Beaufort, for Appellant. 
No Appearance by Respondents.  
 
 
 

PER CURIAM:  St. Helenas Congregation of Jehovahs 
 Witnesses appeals the order of the master in equity refusing to quiet title 
 to certain property in the City of Beaufort.  We affirm. [1] 
FACTS/PROCEDURAL HISTORY
St. Helenas brought an action to quiet title and 
 confirm boundaries to two separate, adjoining lots in the City of Beaufort.  
 All named defendants were served, failed to answer, and were held in default. 
  The circuit court referred the matter to the master in equity with finality.  
 During the hearing, the master noted the complaint mentioned two lots but only 
 described one and permitted counsel to amend as to every person served under 
 the order of publication to conform to proper notice requirements.  
Shortly into the hearing, the master suggested 
 the case was proven and that he was inclined to sign a final decree in St. Helenas 
 favor.  Counsel for St. Helenas relied on these favorable comments and informed 
 both St. Helenas and a prospective purchaser of the lots that the case had 
 been proven and the matter would be concluded shortly.  The purchaser, in reliance 
 on counsels assurances, proceeded to tear down a house located on one of the 
 lots.  Unfortunately, the master later realized he could not quiet title in 
 favor of St. Helenas based upon the evidence before him and issued an order 
 denying the request to quiet title.  
Prior to drafting the order, the master telephoned 
 counsel for St. Helenas, giving him the choice of an adverse ruling or accepting 
 a voluntary dismissal.  Counsel responded by letter reminding the master of 
 his remarks at trial and of the parties reliance on counsels relay of those 
 remarks.  Counsel also insisted the masters concerns about whether the property 
 consisted of two lots rather than one and whether the tax deed was accurate 
 were resolved in post-trial discussions among counsel, the master, and a title 
 abstractor.  
Upon receipt of the order, counsel wrote to the 
 master, claiming a factual inaccuracy in the order in the identification of 
 a predecessor in title, and urging reconsideration.  The master returned the 
 letter requesting counsel make a formal motion for reconsideration.  A motion 
 for reconsideration was made and promptly denied. 
LAW/ANALYSIS
St. Helenas argues the master erred by issuing 
 a written order inconsistent with his remarks at the reference hearing and by 
 refusing to reopen the case to allow Plaintiff to convince him that he should 
 not have changed his mind.  We disagree.
St. Helenas acknowledges in its brief that the 
 master was entitled to change his mind, merely claiming such a reversal is uncommon.  
 Uncommon or not, [n]o order is final until it is written and entered.  First 
 Union Natl Bank v. Hitman, Inc., 306 S.C. 327, 329, 411 S.E.2d 681, 682 
 (Ct. App. 1991) (citing Rule 58(a), SCRCP).  Until written and entered, the 
 trial judge retains discretion to change his mind and amend his oral ruling 
 accordingly.  Ford v. State Ethics Commn, 344 S.C. 642, 646, 545 S.E.2d 
 821, 823 (2001); Case v. Case, 243 S.C. 447, 451, 134 S.E.2d 394, 396 
 (1964) (holding even if the trial judge made an oral ruling in favor of one 
 party, such pronouncement is not a final ruling on the merits nor is it binding 
 on the parties until it has been reduced to writing, signed by the judge, and 
 delivered for recordation); First Union Natl Bank, 306 S.C. at 329, 
 411 S.E.2d at 682.  
A trial judges decision not to reopen a case for 
 additional testimony is a matter within his sound discretion, and the decision 
 will not be disturbed on appeal absent an abuse of discretion.  Wright v. 
 Strickland, 306 S.C. 187, 410 S.E.2d 596, 597 (Ct. App. 1991).  We find 
 no abuse of discretion under the circumstances.  St. Helenas made no proffer 
 of testimony or documents it sought to present.  As the master indicated, there 
 is nothing in the transcript indicating St. Helenas had further evidence it 
 would have offered but for the masters remarks.  St. Helenas argues a new 
 hearing would permit the introduction of another deed into evidence that would 
 clarify the description of the property in question.  The master addressed this 
 deed in his original order and determined it would only further confuse the 
 issues.  Thus, St. Helenas made no showing that additional documents would 
 make a difference in the outcome of the case.  
St. Helenas argues the master erred on the merits 
 when he denied its claim to quiet title and confirm boundaries for two lots.  
 We disagree.  
Since this action was heard by a master in equity 
 who entered final judgment, we must review the entire record and make our own 
 findings of fact in accordance with our view of the preponderance of the evidence.  
 Townes Associates, Ltd. v. City of Greenville, 266 S.C. 81, 221 S.E.2d 
 773 (1976).  However, this broad scope of review does not require us to disregard 
 the findings of the master, who saw and heard the evidence and was in a better 
 position to evaluate its credibility.  Tiger, Inc. v. Fisher Agro, Inc., 
 301 S.C. 229, 391 S.E.2d 538 (1989).  
St. Helenas argues a deed it informally presented 
 to the master subsequent to trial reveals St. Helenas predecessors in title 
 held two lots despite the fact that the complaint references a deed showing 
 the conveyance of only one lot.  St. Helenas also attempts to advance new arguments 
 supporting the validity of a tax sale in opposition to the masters finding 
 that the tax deed revealed the transfer of substantially less than two lots.  
 Again, St. Helenas urges that but for the masters favorable comments at the 
 trial, it would have entered supporting documentation into evidence and advanced 
 these arguments at the hearing.  
We agree with the masters ruling that St. Helenas 
 relied upon a deed referenced in its complaint which clearly conveyed only one 
 lot to a predecessor in its chain of title.  Moreover, the single lot was later 
 held as tenants in common due to a death.  A tax deed indicates that one of 
 the tenants shares became subject to a tax levy, was sold, and later passed 
 by quitclaim deed to St. Helenas.  Thus, St. Helenas held, at most, a one-half 
 undivided interest with the other tenant or his heirs.  Nothing else appearing 
 in the record, we cannot say the master erred in determining he could not quiet 
 title in favor of St. Helenas for two lots.  We also agree that the production 
 of a deed subsequent to trial describing a transfer of two adjacent lots within 
 St. Helenas chain of title is insufficient to overcome the problems created 
 by the deed referenced in the original complaint.  The new deed does not expand 
 the original grant of one lot nor does it sweep in the one-half share not transferred 
 by the tax deed.  
Finally, St. Helenas requests that the masters 
 order be vacated because of purported bias against counsel.  In response to 
 counsels request, which occurred almost a year after the master issued his 
 final order in this case, he recused himself from all of counsels cases.  Counsel 
 claims the master admitted to bias against him by agreeing to his request; however, 
 the master merely did as he was asked, in a routine order and without acrimony.  
 There is simply nothing in the record to indicate the master was in violation 
 of any canon of judicial conduct and should have recused himself.  His later 
 recusal was purely voluntary.  See Canon 3(E)(1)(a) of the Code of Judicial 
 Conduct, Rule 501, SCACR (requiring a judge to recuse himself when he has a 
 personal bias or prejudice concerning a party. . . .).  We accordingly find 
 any claim of bias in this case frivolous.
 AFFIRMED.
HUFF, STILWELL, and BEATTY, JJ., concur.

 
 
 [1]        We decide this case without oral argument pursuant to Rule 
 215, SCACR.