THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Terry Maness, Appellant,
v.
George Ginotoli, Director South Carolina Department of Mental Health, and State of South Carolina, Respondents.
 
 
 

Appeal From Anderson County
 J. Cordell Maddox, Jr., Circuit Court Judge

Unpublished Opinion No. 2006-UP-242
Submitted May 1, 2006  Filed May 15, 2006   

DISMISSED

 
 
 
Terry Maness, of Columbia, for Appellant.
Attorney General Henry McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Attorney General Elizabeth McMahon, Assistant Attorney General Daniel E. Grigg, Office of the Attorney General, of Columbia, and George Ginotoli, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Terry Maness appeals a letter indicating he must file his petition for writ of certiorari in federal court.  We dismiss for lack of jurisdiction.
FACTS
On February 29, 1985, an Anderson County Grand Jury indicted Maness for two counts of second degree criminal sexual assault on a minor.  A jury pronounced Maness guilty of these charges.  The trial court sentenced him to twenty years on each count, to be served consecutively.  The Supreme Court of South Carolina dismissed his appeal.  See State v. Terry Wayne Maness, Op. No. 86-MO-101 (S.C. Sup. Ct. filed March 5, 1986).  Maness filed two subsequent applications for post-conviction relief, both of which were dismissed.  Furthermore, Maness filed a petition for a writ of habeas corpus in the original jurisdiction of the Supreme Court of South Carolina, which was also dismissed.  
On January 5, 2005, Maness sent a second application for a writ of habeas corpus to the Clerk of Court for Anderson County (the Clerk).  This application raised the same issues as those alleged in his prior application to the Supreme Court of South Carolina.  The Clerk returned this application with a note stating: There is still a filing fee of $150.00, or you can fill this [motion to proceed in forma pauperis] out and see if the judge will O.K. it.  *Shouldnt this be in FED. CT.?  According to Maness, he resubmitted his application with the Clerk.    On March 15, 2005, a letter from the office of Judge J. Cordell Maddox indicated that upon review, Judge Maddox determined that this action should be in federal court, not state court.  Therefore, [we are] returning these documents to you for proper filing.  The signature line on this letter is typed and reads: Sincerely, Law Clerk.  This appeal followed.
LAW/ANALYSIS
Maness argues the circuit court erred in determining his action should be filed in federal court and not state court.  Because we lack jurisdiction to hear this appeal, we dismiss.
Section 14-8-200(a) of the South Carolina Code (Supp. 2005) provides that this court shall have jurisdiction over any case in which an appeal is taken from an order, judgment, or decree of the circuit or family court.  In this case, the circuit court has not entered an order, judgment, or decree.  However, in the event the letter may be interpreted as a pronouncement from the circuit court, we would still dismiss because it was not entered.  See Rule 58(a), SCRCP (A judgment is effective only when . . . entered in the record.); First Union Natl Bank v. Hitman, Inc., 306 S.C. 327, 329, 411 S.E.2d 681, 682 (Ct. App. 1991) (No order is final until it is written and entered.), affd, 308 S.C. 421, 418 S.E.2d 545 (1992); see also Case v. Case, 243 S.C. 447, 134 S.E.2d 394 (1964) (judgments in general are not final until written and entered).  Accordingly, this appeal is
 DISMISSED. [1]
KITTREDGE, SHORT, and WILLIAMS, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.