**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

April Grant Mack as Personal Representative of the Estate of Barrett Demetric Jeremiah Mack, Respondent,

v.

Estate of Harry Washington, Defendant,

Of whom Necole Binyard, as Personal Representative of the Estate of Harry Rufus Emanuel Washington, is the Appellant.

Appellate Case No. 2017-001077

Appeal From Williamsburg County
Clifton Newman, Circuit Court Judge

Unpublished Opinion No. 2021-UP-037
Submitted January 1, 2021 – Filed February 10, 2021

**AFFIRMED**

William Joseph Barr, of Barr Law, of Kingstree, for Appellant.

Kimberly Veronica Barr and Ronnie Alan Sabb, both of Sabb Law Group, L.L.C., of Kingstree, for Respondent.

**PER CURIAM:** Necole Binyard, as personal representative of Harry Washington's estate, appeals the circuit court's order approving settlement agreements between April Mack, as personal representative of Barrett Mack's estate; Washington's insurer, State Farm Automobile Insurance Company; and Mack's insurer, Government Employees Insurance Company (GEICO). We affirm pursuant to Rule 220(b), SCACR, and the following authorities:[1]

1. The issue of whether the circuit court erred in approving the settlement agreements when April failed to give Binyard sufficient notice of the settlement hearing is not preserved because the circuit court did not rule on this issue. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit court] to be preserved for appellate review."); *Doe v. Roe*, 369 S.C. 351, 376, 631 S.E.2d 317, 330 (Ct. App. 2006) ("An issue is not preserved where the [circuit court] does not explicitly rule on an argument and the appellant does not make a Rule 59(e)[, SCRCP,] motion to alter or amend the judgment.").

2. The circuit court did not err in approving the settlement agreements when Binyard's declaratory judgment action and creditor's claim were pending on the day of the settlement hearing and there was a dispute as to who was driving at the time of the accident. *See* S.C. Code Ann. § 15-51-42(B) (2005) (providing the procedure to seek the court's approval of a settlement agreement "if no [wrongful death or survival] action is pending" in state or federal court); *Doe v. S.C. Med. Malpractice Liab. Joint Underwriting Ass'n*, 347 S.C. 642, 649, 557 S.E.2d 670, 674 (2001) ("[A] liability insurer owes its insured a duty to settle a [wrongful death or survival] claim covered by the policy, if settlement is the reasonable thing to do." (quoting *Trotter v. State Farm Mut. Auto. Ins. Co.*, 297 S.C. 465, 475, 377 S.E.2d 343, 349 (Ct. App. 1988))); *Trotter*, 297 S.C. at 475, 377 S.E.2d at 349 ("If an insurer undertaking the defense of a suit covered by the policy unreasonably refuses or fails to settle within the policy limits, it is liable to the insured for the amount of the judgment against him in excess of the policy limits.").

---

[1] We address the issues on appeal as set forth in Binyard's initial brief because her final brief differs substantially from her initial brief in violation of Rule 211(b), SCACR. *See* Rule 211(b), SCACR ("The final brief(s) shall be identical to the [initial] brief(s) . . . except for the following: (1) *References to the Record* . . . [and] (2) *Correction[s] of Typographical Errors and Misspellings* . . . .").

3.  The issue of whether the settlement agreements were eligible for court approval under *Wilson v. Dallas*, 403 S.C. 411, 743 S.E.2d 746 (2013), is not preserved because Binyard did not raise this issue to the circuit court.  *See Wilder Corp.*, 330 S.C. at 76, 497 S.E.2d at 733 ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit court] to be preserved for appellate review.").

4.  The issue of whether the circuit court erred in approving the settlement agreements when Washington's estate was not fully represented at the settlement hearing and Binyard's attorney did not consent to the settlements as required under Rule 43(k), SCRCP, is not preserved because these arguments were not raised to or ruled upon by the circuit court.  *See id.* ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit court] to be preserved for appellate review.").

5.  The issue of whether Binyard is entitled to relief from the circuit court's order under Rule 60(b)(1), SCRCP, or Rule 60(b)(5), SCRCP, is not preserved because Binyard did not file a motion pursuant to Rule 60, SCRCP, or any other post-trial motion.  *See* Rule 60(b), SCRCP ("*On motion* and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding" for the reasons provided in Rule 60(b)(1) & (5) (emphasis added)); *First Union Nat. Bank of S.C. v. Hitman, Inc.*, 306 S.C. 327, 329, 411 S.E.2d 681, 682 (Ct. App. 1991), *aff'd*, 308 S.C. 421, 418 S.E.2d 545 (1992) ("[A]ny error by the [circuit court in issuing a written order differing from the court's ruling from the bench] is not preserved, because [the appellant] did not file a post-trial motion raising the question to the [circuit court].").

6.  The issue of whether the circuit court erred in declaring the statutory beneficiaries of the settlement proceeds and ordering distribution of the proceeds is not preserved because it was not raised to and ruled upon by the circuit court.  *See Wilder Corp.*, 330 S.C. at 76, 497 S.E.2d at 733 ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit court] to be preserved for appellate review.").

**AFFIRMED.**[2]

**HUFF, WILLIAMS, and GEATHERS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.