17487

Roger W. SCOTT, Petitioner, v. O. Frank THORNTON, Secretary of State, *et al.*, constituting the Board of State Canvassers and Dixon D. Lee, Respondents

(106 S. E. (2d) 446)

*Messrs. Smith & Smith,* of Florence, *for Petitioner. Messrs. T. C. Callison, Attorney General* and *James S. Verner, Assistant Attorney General,* of Columbia, *for Respondent, Board of State Canvassers,* and *McEachin, Townsend & Zeigler,* of Florence, *for Respondent, Dixon D. Lee.*

January 5, 1959.

PER CURIAM.

This is an application in the original jurisdiction of the court for a writ of certiorari to review the proceedings of the Board of State Canvassers wherein the respondent Dixon D Lee was declared to have been elected State Senator from Dillon County in the general election of 1958. He was the successful candidate for nomination to the office in the pre-

ceding Democratic primary and petitioner Scott was an independent, "write-in" candidate for the office, against respondent, in the general election.

Petitioner challenges the validity of the election of respondent upon the ground of his failure of timely compliance with the requirements of Section 23-265 of the Code of 1952 which provides (omitting the form of the pledge and the penalty for non-compliance) :

"Every candidate in an election, general, special or primary, shall make the following pledge and file it with the clerk of court of common pleas for the county in which he is a candidate, unless he should be a candidate in more than one county in which case he shall file it with the Secretary of State, before he shall enter upon his campaign, to-wit: * * *

"A failure to comply with this provision shall render such election null and void, in so far as concerns the candidate who fails to file the statement herein required, but shall not affect the validity of the election of any candidate complying with this section. * * *"

Respondents by their return to the rule to show cause object to the jurisdiction of the court and invoke Section 11 of Article III of the State Constitution of 1895, which follows in part:

"Each house (of the General Assembly) shall judge of the election returns and qualifications of its own members, * * *".

The objection to the jurisdiction of the court is well-taken and must be sustained in view of the foregoing constitutional provision and the former decisions of the court which have construed and applied it. *Ex parte Scarborough,* 34 S. C. 13, 12 S. E. 666; *Anderson v. Blackwell,* 168 S. C. 137, 167 S. E. 30; *Culbertson v. Blatt,* 194 S. C. 105, 9 S. E. (2d) 218. This accords with the general rule in other jurisdictions which have similar constitutional provisions, both federal and state. Annotation, 107 A. L. R. 205.