745 S.E.2d 81

**John S. RAINEY, Appellant,**

**v.**

**Nimrata Nikki R. HALEY, Respondent.**

**Appellate Case No.2012–211048.**

**No. 27269.**

Supreme Court of South Carolina.

Heard March 20, 2013.

Decided June 12, 2013.

Rehearing Denied July 25, 2013.

Richard A. Harpootlian, Graham L. Newman, M. David Scott, and Christopher P. Kenney, all of Richard A. Harpootlian, PA, of Columbia, for Appellant.

Kevin A. Hall, Karl S. Bowers, Jr., and M. Todd Carroll, all of Womble Carlyle Sandridge & Rice, LLP, of Columbia, for Respondent.

Justice KITTREDGE.

Appellant John S. Rainey brought this action in circuit court against the Honorable Nikki R. Haley, Governor of South Carolina, seeking declarations that Governor Haley, during her service as a member of the House of Representatives, committed violations of the State Ethics Act.[1] The circuit court dismissed the action for lack of jurisdiction, finding the House Ethics Committee has exclusive jurisdiction to hear complaints of ethics violations against its own members. We agree and affirm.

## I.

Appellant filed a Complaint in circuit court seeking a declaration that Governor Haley violated the State Ethics Act while serving as a member of the House of Representatives.[2] Specifically, the Complaint sought declarations that Governor Haley failed to disclose a reason for recusing herself from a vote, failed to abstain from a vote, solicited money from registered lobbyists for the benefit of her employer, and concealed all of the aforementioned activity by making false and incomplete disclosures required by law.[3]

Governor Haley filed a motion to dismiss in the circuit court based on lack of subject matter jurisdiction and standing.

1. S.C.Code Ann. §§ 8–13–100 to –1520 (Supp.2012).

2. Appellant contended the court had jurisdiction pursuant the Declaratory Judgments Act, S.C.Code Ann. §§ 15–52–10 to –140 (Supp.2012).

3. The Complaint also asserted Governor Haley's actions violated section 2–17–80 of the South Carolina Code (Supp.2012), dealing with prohibited acts of members of the legislature in connection with lobbyists, and section 16–9–10 of the South Carolina Code (Supp.2012), which concerns perjury.

After a hearing, the circuit court dismissed the action, finding it lacked subject matter jurisdiction because the Legislature had granted exclusive authority to the House Ethics Committee to hear such matters. The court denied Appellant's Rule 59(e), SCRCP, motion to reconsider. This appeal followed.

Subsequent to the dismissal of his circuit court action, Appellant filed a complaint asserting the identical charges against Governor Haley with the House Ethics Committee. After a full merits hearing, the House Ethics Committee dismissed all of the claims, finding Governor Haley had not violated the law.

## II.

Appellant contends the circuit court erred in dismissing the Complaint. We disagree.

## A.

The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature. *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000). "Where the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning." *Id.* ("Under the plain meaning rule, it is not the court's place to change the meaning of a clear and unambiguous statute.").

South Carolina circuit courts are vested with original jurisdiction in civil and criminal cases, except those cases in which exclusive jurisdiction shall be given to inferior courts, and shall have such appellate jurisdiction as provided by law. S.C. Const. art. V, § 11. "In determining whether the Legislature has given another entity exclusive jurisdiction over a case, a court must look to the relevant statute." *Dema v. Tenet Physician Servs.–Hilton Head, Inc.*, 383 S.C. 115, 121, 678 S.E.2d 430, 433 (2009).

The Legislature has established a comprehensive statutory scheme for regulating the behavior of elected officials, public employees, lobbyists, and other individuals who present for public service. *See generally* S.C.Code Ann. §§ 2–17–5 to –

150 (Supp.2011); S.C.Code Ann. §§ 8–13–100 to –1520. To enforce the State Ethics Act, the Legislature statutorily created the State Ethics Commission and the Senate and House Legislative Ethics Committees, respectively. *See* S.C.Code Ann. §§ 8–13–310 and –510.

Although the State Ethics Commission is generally responsible for the handling of ethical violations by most public officials and employees, the House and Senate Legislative Ethics Committees are charged with the exclusive responsibility for the handling of ethics complaints involving members of the General Assembly and their staff. *See* S.C.Code Ann. § 8–13–530 (noting the Ethics Committees are authorized to receive and hear complaints regarding ethical violations of members or staff of the appropriate house); S.C.Code Ann. § 8–13–320(9) (noting the Ethics Commission is authorized to *initiate or receive complaints and make investigations concerning public officials or public employees, except those concerning members or staff of the General Assembly*). The respective Committees are authorized to receive, investigate, and hear all complaints alleging a violation of the State Ethics Act by its own members or staff. *See* S.C.Code Ann. § 8–13–540 [4] (outlining the procedures to be followed when a complaint is filed with the Legislative Ethics Committee); *see also* S.C. House of Representatives Rule 4.16 (delineating procedure for investigation and hearings).

---

4. Section 8–13–540 provides extensive procedures to the Legislative Ethics Committees for receiving, investigating, sanctioning, and dispensing with a complaint. The Committee shall conduct a confidential, preliminary investigation. If it finds that probable cause exists to support an alleged violation, the Committee shall render an advisory opinion. If the member fails to comply with the opinion, the Committee shall convene a formal hearing. After the hearing, the Committee determines its findings of fact. If it finds, based on competent and substantial evidence, the member has committed a violation, the Committee shall administer a public or private reprimand, determine that a technical violation has occurred, recommend expulsion of the member, and/or refer the matter to the Attorney General in the case of an alleged criminal violation. If the Committee finds the member has not violated a code or statutory provision, it shall dismiss the charges.

At all times, the Committee must afford appropriate due process protections, including the right to counsel, the right to call and examine witnesses, the right to cross-examine, and the right to introduce exhibits. An appeal from the Committee's action is to the full legislative body.

The extensive and unambiguous statutory scheme contemplates the receipt, processing and resolution of ethics complaints against members of the General Assembly in the respective chambers of the Legislature. Therefore, it is clear the Legislature intended the respective Ethics Committees to have exclusive authority to hear alleged ethics violations of its own members and staff.

### B.

The statutory scheme, however, does provide one limited situation where the circuit court may receive and act on an ethics complaint, to the exclusion of the Ethics Committees:

No complaint may be accepted by the ethics committee concerning a member of or candidate for the appropriate house during the fifty-day period before an election in which the member or candidate is a candidate. During this fifty-day period, any person may petition the court of common pleas alleging the violations complained of and praying for appropriate relief by way of mandamus or injunction, or both. Within ten days, a rule to show cause hearing must be held, and the court must either dismiss the petition or direct that a mandamus order or an injunction, or both, be issued. A violation of this chapter by a candidate during this fifty-day period must be considered to be an irreparable injury for which no adequate remedy at law exists.

S.C.Code Ann. § 8–13–530(4).

▪ Absent this one narrow situation within the fifty-day period before an election, the Legislature has granted exclusive authority over ethical complaints to the appropriate Ethics Committee. "The canon of construction 'expressio unius est exclusio alterius' or 'inclusio unius est exclusio alterius' holds that 'to express or include one thing implies the exclusion of another, or of the alternative.'" *Hodges,* 341 S.C. at 86, 533 S.E.2d at 582 (quoting Black's Law Dictionary 602 (7th ed. 1999)). Moreover, the necessity of the circuit court's fifty-day window is self-evident during the final days of an election, where time is of the essence and an immediate remedy may be warranted.[5] It is therefore clear the Legislature intended the

---

5. Even in such an instance, the Legislature has limited the remedy that the circuit court can impose. *See* S.C.Code Ann. § 8–13–530 ("Within

respective Ethics Committee to otherwise have exclusive authority to hear alleged ethics violations of its own members and staff.

Appellant asserts the case of *Ford v. State Ethics Commission* supports the circuit court's exercise of jurisdiction in this matter. 344 S.C. 642, 545 S.E.2d 821 (2001). Appellant's reliance on *Ford* is misplaced. *Ford* in no manner lends support to the argument that the circuit court has jurisdiction to hear this action. Ford, a state senator, was the subject of a matter filed in the State Ethics Commission. Ford sought dismissal of the complaint on the ground that the State Ethics Commission lacked jurisdiction over a state senator's conduct, as jurisdiction rested *exclusively* with the *Senate* Ethics Committee. *Id.* at 644, 545 S.E.2d at 822. The State Ethics Commission complaint was dismissed and we affirmed. *Ford* is in accord with our construction of the State Ethics Act.

## C.

■ Finally, the South Carolina Constitution and this Court have expressly recognized and respected the Legislature's authority over the conduct of its own members. *See, e.g.,* Const. Art. 3, § 11 (stating each house has the authority to judge the election returns and qualifications of its own members); Const. Art. 3, § 12 (providing that each chamber shall determine its own rules of procedure, punish its members for disorderly behavior, and expel a member); *see also Stone v. Leatherman,* 343 S.C. 484, 541 S.E.2d 241 (2001) (finding court did not have jurisdiction over election result in light of Article 3, § 11 of the Constitution that provides the Senate has the authority to judge the election returns and qualifications of its own members); *Scott v. Thornton,* 234 S.C. 19, 106 S.E.2d 446 (1959) (finding the court had no jurisdiction in light of the

ten days, a rule to show cause hearing must be held, and the court must either dismiss the petition or direct that a mandamus order or an injunction, or both, be issued."). Thus, the circuit court is not authorized to issue the enumerated sanctions the Committees are authorized to issue. *Cf. id.* § 8–13–540(3) (stating that if the Ethics Committee finds a violation, it shall administer a public or private reprimand, determine that a technical violation has occurred, recommend expulsion of the member, or refer the matter to the Attorney General for investigation in the case of an alleged criminal violation).

constitutional provisions that require each house to judge the election returns and qualifications of its own members). Consequently, a court's exercise of jurisdiction over Appellant's ethical complaint against Governor Haley would not only contravene the clear language of the State Ethics Act, it would also violate separation of powers.[6] *See* S.C. Const. art. I, § 8 ("In the government of this State, the legislative, executive, and judicial powers of the government shall be forever separate and distinct from each other, and no person or persons exercising the functions of one of said departments shall assume or discharge the duties of any other.").

In sum, ethics investigations concerning members and staff of the Legislature are intended to be solely within the Legislature's purview, to the exclusion of the courts, except in the singular circumstance expressly provided for in section 8–13–530(4).

**AFFIRMED.**

TOAL, C.J., and PLEICONES, J., concur.

BEATTY, J., concurring in result in a separate opinion in which HEARN, J., concurs.

Justice BEATTY.

I concur in result. In my view, the circuit court correctly dismissed Appellant's declaratory judgment action. I disagree, however, with the majority's reasoning as I believe the circuit court had subject matter jurisdiction, but the matter was not procedurally proper for its consideration. Because Appellant's primary purpose for filing the action was to seek a declaration that Respondent's conduct violated the criminal laws of this state, I would find declaratory judgment proceedings were inappropriate as it would deprive Respondent of her constitutional right to a jury trial. Furthermore, Appellant, as a private citizen, was precluded from seeking this relief. Finally, any determination as to whether Respondent's conduct violated provisions of the South Carolina Ethics, Govern-

---

6. In light of our conclusion, we need not reach the remaining issues on appeal. *See Futch v. McAllister Towing of Georgetown, Inc.,* 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (appellate court need not address remaining issues when disposition of prior issue is dispositive).

ment Accountability, and Campaign Reform Act of 1991 ("the Ethics Act")[7] was not ripe for judicial review as Appellant failed to exhaust the Act's administrative remedies.[8]

## I. Declaratory Judgment Actions

In analyzing this appeal, it is important to initially recognize that Appellant filed his case pursuant to the Uniform Declaratory Judgments Act. Section 15–53–20 of the South Carolina Code identifies the purpose of the Uniform Declaratory Judgments Act ("the Act") and provides that courts "shall have power to declare rights, status and other legal relations whether or not further relief is or could be claimed." S.C.Code Ann. § 15–53–20 (2005); *see* Rule 57, SCRCP ("The procedure for obtaining a declaratory judgment pursuant to Code §§ 15–53–10 through 15–53–140, shall be in accordance with these rules, and ... [t]he existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate."). The Act is to be liberally construed and administered to achieve its intended purpose "to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations." S.C.Code Ann. § 15–53–130 (2005).

Despite this liberal construction, "[d]eclaratory judgment statutes do not create jurisdiction, and the court must have the authority to grant the relief as well as jurisdiction over the subject matter and over the parties." 26 C.J.S. *Declaratory Judgments* § 123 (Supp. 2013). Stated another way, "[t]he authority of a state's courts to render declaratory judgments must operate within the limits of the constitutional powers and duties of those courts." *Id.* Thus, "[a] declaratory judgment action may be maintained only if the jurisdictional conditions that are required in ordinary actions are present." *Id.*

---

7. S.C.Code Ann. §§ 8–13–100 to –1520 (Supp.2011).

8. I base my conclusion on the statutory provisions in effect at the time Appellant filed his declaratory judgment action on November 17, 2011. Notably, several bills have been introduced in the House and Senate that specifically confer jurisdiction with the State Ethics Commission and amend the process and procedures governing the disposition of ethics complaints. S.B. 133, S.B. 338, S.B. 347, H.B. 3407, H.B. 3945, 120th Gen. Assem., Reg. Sess. (S.C.2013).

Applying these principles to the instant case, it is necessary to determine: (1) whether the circuit court had jurisdiction over the subject matter of the action and, if so, (2) whether the action constituted a justiciable controversy appropriate for judicial determination.

## II. Subject Matter Jurisdiction

"Subject matter jurisdiction is the power to hear and determine cases of the general class to which the proceedings in question belong." *Skinner v. Westinghouse Elec. Corp.*, 380 S.C. 91, 93, 668 S.E.2d 795, 796 (2008) (citations omitted). As provided in our state constitution, "The Circuit Court shall be a general trial court with original jurisdiction in civil and criminal cases, except those cases in which exclusive jurisdiction shall be given to inferior courts, and shall have such appellate jurisdiction as provided by law." S.C. Const. art. V, § 11. Thus, pursuant to this broad constitutional provision, a circuit court has subject matter jurisdiction to hear any justiciable matter unless the General Assembly has conferred exclusive jurisdiction of the matter to an inferior court. *Dema v. Tenet Physician Servs.–Hilton Head, Inc.*, 383 S.C. 115, 120–21, 678 S.E.2d 430, 433 (2009). In determining whether the General Assembly "has given another entity exclusive jurisdiction over a case, a court must look to the relevant statute." *Id.* at 121, 678 S.E.2d at 433.

In my view, a circuit court has subject matter jurisdiction over violations of the Ethics Act as I discern no statutory provision, and Respondent has not identified one, which confers exclusive jurisdiction to the State Ethics Commission or the Legislative Ethics Committees.[9] Although these legisla-

9. As a member of the House of Representatives at the time of the alleged misconduct, Respondent would only have been subject to the jurisdiction of the House of Representatives Legislative Ethics Committee as members of the General Assembly are not subject to the jurisdiction of the State Ethics Commission. *See* S.C.Code Ann. § 8–13–320(9) (Supp.2011) (outlining duties and powers of the State Ethics Commission and noting that it may initiate or receive complaints and make investigations involving a "public official, public member, or public employee except members or staff, including staff elected to serve as officers of or candidates for the General Assembly unless otherwise provided for under House or Senate Rules"); *id.* § 8–13–530 (identifying powers and duties of legislative ethics committees in receiving and investigating complaints as to a "member or staff of the appropriate

tive entities are statutorily authorized to receive complaints, the fact that jurisdiction has been conferred does not operate to divest the circuit court of subject matter jurisdiction. *See Muldrow v. Jeffords,* 144 S.C. 509, 520, 142 S.E. 602, 605 (1928) ("[A]ccording to a well-established rule of law, those who undertake to deprive [a court] of jurisdiction in any given case and give it to [another] must be able to point out some particular provision of the Constitution which either expressly or by necessary implication gives jurisdiction of such case to the limited and inferior tribunal to the exclusion of the superior tribunal.").

Instead, several provisions of the Ethics Act reveal the General Assembly has implicitly conferred the circuit court with concurrent jurisdiction over matters arising from the Ethics Act. For example, the circuit court is designated as the exclusive forum for resolving Ethics Act complaints involving a legislative member or candidate during the fifty-day period before an election in which the member or candidate is a candidate.[10] Thus, by implication, the circuit court is an available forum to resolve all Ethics Act violations and is the exclusive forum for allegations that arise fifty days before an election. Additionally, the State Ethics Commission is authorized to file in the court of common pleas a certified copy of an order or decision that results in a judgment that "has the same effect as though it had been rendered in a case duly heard and determined by the court." § 8–13–320(14).

---

house"); *see also Ford v. State Ethics Comm'n,* 344 S.C. 642, 644, 545 S.E.2d 821, 822 (2001) (holding that State Ethics Commission did not have jurisdiction over state senator as it was vested in the Senate Ethics Committee).

10.  S.C.Code Ann. § 8–13–320(9)(b)(1) (Supp.2011) ("No complaint may be accepted by the commission concerning a candidate for elective office during the fifty-day period before an election in which he is a candidate. During this fifty-day period, any person may petition the court of common pleas alleging the violations complained of and praying for appropriate relief by way of mandamus or injunction, or both."); *id.* § 8–13–530(4) ("No complaint may be accepted by the ethics committee concerning a member of or candidate for the appropriate house during the fifty-day period before an election in which the member or candidate is a candidate. During this fifty-day period, any person may petition the court of common pleas alleging the violations complained of and praying for appropriate relief by way of mandamus or injunction, or both.").

Because there is no statutory or constitutional authority to support the circuit court's holding that it lacked subject matter jurisdiction, I believe the court erred in dismissing Appellant's action on this ground.

### III. Justiciable Controversy

Having found the circuit court was vested with the subject matter jurisdiction, the question becomes whether Appellant demonstrated a justiciable controversy that was appropriate for the court's determination.

Although the Uniform Declaratory Judgments Act is to be broadly construed, it is not without limitation. *Sunset Cay, L.L.C. v. City of Folly Beach,* 357 S.C. 414, 423, 593 S.E.2d 462, 466 (2004). "An adjudication that would not settle legal rights of the parties would only be advisory in nature and, therefore, would be beyond the intended purpose and scope of the Uniform Declaratory Judgments Act." *Id.* "To state a cause of action under the Declaratory Judgment Act, a party must demonstrate a justiciable controversy." *Id.* A justiciable controversy is a real and substantial controversy which is ripe and appropriate for judicial determination, as distinguished from a dispute or difference of a contingent, hypothetical or abstract character. *Power v. McNair,* 255 S.C. 150, 154, 177 S.E.2d 551, 553 (1970); *Colleton County Taxpayers Ass'n v. Sch. Dist. of Colleton County,* 371 S.C. 224, 638 S.E.2d 685 (2006) (recognizing that an issue that is contingent, hypothetical, or abstract is not ripe for judicial review).

In the instant case, Appellant did not demonstrate the requisite justiciable controversy to maintain a cause of action under the Uniform Declaratory Judgments Act as: (1) these proceedings were inappropriate to determine guilt or innocence in a criminal matter; (2) he was not the proper party to pursue the criminal allegations, and (3) he failed to exhaust the administrative remedies provided for in the Ethics Act.

### A.

As his Complaint states, Appellant sought a determination by the circuit court that Respondent's alleged ethical misconduct "violate[d] the law(s) of South Carolina." This statement, in conjunction with counsel's arguments before this Court, can

only lead to the conclusion that Appellant sought to criminally prosecute Respondent.

Initially, I note that a declaratory judgment action is not the appropriate proceeding for determining guilt or innocence in criminal matters. *See* W.E. Shipley, Annotation, *Validity, Construction, and Application of Criminal Statutes or Ordinances as Proper Subject for Declaratory Judgment,* 10 A.L.R.3d 727, § 2 (1966 & Supp.2013) (discussing state and federal cases that have considered the availability of declaratory judgment procedures to determine matters of criminal law and stating, "This is not to say that a declaratory proceeding may be resorted to to try ordinary matters of guilt or innocence, or even whether particular contemplated action will or will not amount to a violation of a criminal provision, unless there are presented peculiar circumstances making the resort to declaratory relief particularly appropriate"). If we were to permit this type of relief, Respondent would be denied her constitutional right to a jury trial. U.S. Const. amend. VI; S.C. Const. art. I, § 14.

Furthermore, Appellant, as a private citizen, lacked the authority to seek this relief because "[t]he South Carolina Constitution, South Carolina statutes and case law place the unfettered discretion to prosecute *solely* in the prosecutor's hands." *In re Richland County Magistrate's Court,* 389 S.C. 408, 411, 699 S.E.2d 161, 163 (2010) (emphasis added). By precluding a private citizen from prosecuting a criminal action, the interests of the public are best served as the "powers of the State are employed only for the interest of the community at large" as opposed to the potential self-interest of a private party. *Id.* at 412, 699 S.E.2d at 163.

Although Appellant was not the proper party to pursue the criminal action, his concern for the public was not without recourse as the Attorney General's office, either on its own initiative or via a referral from the House of Representatives Legislative Ethics Committee, could have sought a criminal determination of the alleged misconduct.

Our state constitution provides, "[t]he Attorney General shall be the chief prosecuting officer of the State with authority to supervise the prosecution of all criminal cases in courts of record." S.C. Const. art. V, § 24. Thus, "the prosecution

has wide latitude in selecting what cases to prosecute," which necessarily would include violations of the Ethics Act. *State v. Thrift*, 312 S.C. 282, 307, 440 S.E.2d 341, 355 (1994) (holding that prosecution under the Ethics Act does not require referral by the Ethics Commission as the Attorney General's power to prosecute "arises from our State Constitution and cannot be impaired by legislation"); *see Pierce v. State*, 338 S.C. 139, 526 S.E.2d 222 (2000) (discussing prosecution of state trooper for using his official position for financial gain under 1991 Ethics Act).[11]

## B.

Alternatively, to the extent Appellant's Complaint can be construed as purely a civil action involving a violation of the Ethics Act,[12] I would find it was not ripe for judicial review as Appellant failed to exhaust the administrative remedies provided for in the Ethics Act.

Initially, I note that Appellant's failure to exhaust the administrative remedies did not affect the circuit court's subject matter jurisdiction. As this Court has explained, "[t]he doctrine of exhaustion of administrative remedies is generally considered a rule of policy, convenience and discretion, rather than one of law, and is not jurisdictional." *Ward v. State*, 343 S.C. 14, 17 n. 5, 538 S.E.2d 245, 246 n. 5 (2000) (citations omitted). "Thus, the failure to exhaust administrative remedies goes to the prematurity of a case, not subject matter jurisdiction." *Id.* "The general rule is that administrative remedies must be exhausted absent circumstances supporting an exception to application of the general rule." *Hyde v. S.C. Dep't of Mental Health*, 314 S.C. 207, 208, 442 S.E.2d 582, 583 (1994).

---

11. Regardless of whether a matter goes to the State Ethics Commission or to the House/Senate Ethics Committee, under either statutory scheme the Commission or the appropriate Ethics Committee can refer a matter to the Attorney General if criminal conduct has been committed.

12. *See Thrift*, 312 S.C. at 307, 440 S.E.2d at 355 ("recognizing the civil nature of the Ethics Act complaint" and providing for criminal referral by the Ethics Commission to the Attorney General).

Although the circuit court had subject matter jurisdiction over the action, the Ethics Act provided administrative remedies specifically tailored to efficiently resolve Appellant's complaint against Respondent.

Pursuant to the Ethics Act, the State Ethics Commission is designated as the administrative agency [13] that is imbued with the power to initiate complaints, receive complaints from individuals, and to investigate the complaints regarding "a public official, public member, or public employee *except* members or staff, including staff elected to serve as officers of or candidates for the General Assembly unless otherwise provided under House or Senate Rules." S.C.Code Ann. § 8–13–310 (Supp.2011) (providing for State Ethics Commission and composition of its members); *id.* § 8–13–320 (outlining the duties and powers of the State Ethics Commission) (emphasis added).[14]

Because Respondent was serving as a member of the House of Representatives at the time of the alleged misconduct, any complaint against her would have been filed with the House of Representatives Legislative Ethics Committee as this commit-

---

**13.** *See Sanford v. South Carolina State Ethics Comm'n,* 385 S.C. 483, 685 S.E.2d 600 (2009) (deferring to State Ethics Commission, as an administrative agency, for matters regarding investigation of ethics complaint against Governor), *clarified by,* 386 S.C. 274, 688 S.E.2d 120 (2009).

**14.** Any person charged with an ethical violation before the State Ethics Commission is entitled to the administrative process outlined in section 8–13–320 and an administrative hearing conducted in accordance with the Administrative Procedures Act. *Id.* § 8–13–320(9), (10). If, upon investigation, the commission staff determines there is probable cause to believe that a violation has been committed, a hearing may be held before a panel of three commissioners. *Id.* § 8–13–320(10)(i). Within sixty days after the conclusion of a hearing, the commission panel must issue a written decision with findings of fact and conclusions of law. *Id.* § 8–13–320(10)(k). "The commission panel, where appropriate, shall recommend disciplinary or administrative action, or in the case of an alleged criminal violation, refer the matter to the Attorney General for appropriate action." *Id.* "Within ten days after service of an order, report, or recommendation, a respondent may apply to the commission for a full commission review of the decision made by the commission panel." *Id.* § 8–13–320(m). Although this review is the final disposition of the complaint before the commission, a respondent may appeal to the Court of Appeals, pursuant to section 1–23–380 and the South Carolina Appellate Court Rules. *Id.*

tee and a Senate Legislative Ethics Committee have been established in addition to the State Ethics Commission. S.C.Code Ann. § 8–13–510 (Supp.2011). These legislative ethics committees were created to receive complaints filed by individuals and investigate possible ethical violations committed by a member or staff of the appropriate house. *Id.* § 8–13–530 (outlining powers and duties of legislative ethics committees). Specifically, an ethics committee is designated to "administer or recommend sanctions appropriate to a particular member or staff of or candidate for the appropriate house pursuant to Section 8–13–540 or dismiss the charges." *Id.* § 8–13–530(6).

After a complaint is filed with the ethics committee, a copy must be promptly sent to the person alleged to have committed the violations. *Id.* § 8–13–540(1). "If the ethics committee determines the complaint does not allege facts sufficient to constitute a violation, the complaint must be dismissed and the complainant and respondent notified." *Id.* However, if the ethics committee determines the complaint alleges facts sufficient to constitute a violation, it must promptly investigate the alleged violation. *Id.* If, after such preliminary investigation, the ethics committee finds that probable cause exists to support an alleged violation, it shall either: (a) render an advisory opinion to the respondent and require respondent's compliance within a reasonable time; or (b) convene a formal hearing on the matter within thirty days of respondent's failure to comply with the advisory opinion. *Id.*

If a hearing is held, the ethics committee shall determine its findings of fact as to whether the respondent committed an ethical violation. *Id.* § 8–13–540(3). If the committee finds a violation, it shall:

(a) administer a public or private reprimand;

(b) determine that a technical violation as provided for in Section 8–13–1170 has occurred;

(c) recommend expulsion of the member; and/or,

(d) in the case of an alleged criminal violation, refer the matter to the Attorney General for investigation. The ethics committee shall report its findings in writing to the Speaker of the House or President Pro Tempore of the Senate, as appropriate. The report must be accom-

panied by an order of punishment and supported and signed by a majority of the ethics committee members. If the ethics committee finds the respondent has not violated a code or statutory provision, it shall dismiss the charges.

*Id.* § 8–13–540(3). The individual has ten days from the date of notification of the ethics committee's action to appeal the action to the full legislative body. *Id.* § 8–13–540(4).

Had Appellant pursued the above-outlined administrative remedies, he could have received the relief he requested in his declaratory judgment action. Specifically, he could have procured a determination as to whether Respondent's actions constituted an ethical violation. If a violation was found, the ethics committee may have issued a public reprimand, recommended expulsion, or referred the matter to the Attorney General for a criminal investigation. Thus, as a matter of policy and efficiency, it would have been procedurally more appropriate for Appellant to file his Complaint with the House of Representatives Legislative Ethics Committee rather than the circuit court.

Because Appellant failed to exhaust his administrative remedies, I would find the matter was premature and, thus, not proper for the circuit court's consideration.

## IV. Conclusion

Based on the foregoing, I would affirm as modified the circuit court's order dismissing Appellant's declaratory judgment action. Because the General Assembly has not conferred the State Ethics Commission or the Legislative Ethics Committees with exclusive jurisdiction over ethics complaints, the circuit court had subject matter jurisdiction over Appellant's action. Despite subject matter jurisdiction being vested in the circuit court, Appellant failed to demonstrate a justiciable controversy to maintain a cause of action under the Uniform Declaratory Judgments Act. Thus, the action was not proper for the circuit court's consideration.

HEARN, J., concurs.