760 S.E.2d 808

**Ex parte Robert W. HARRELL, Jr., Respondent,**

v.

**ATTORNEY GENERAL OF the STATE
of South Carolina, Appellant.**

**In re State Grand Jury Investigation.**

**Appellate Case No. 2014–001058.**

**No. 27412.**

Supreme Court of South Carolina.

Heard June 24, 2014.

Decided July 9, 2014.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Solicitor General Robert D. Cook, Assistant Deputy Attorney General S. Creighton Waters, Assistant Deputy Attorney General Wayne Allen

Myrick, Jr., and Assistant Attorney General Brian T. Petrano, all of Columbia, for Appellant.

Gedney M. Howe III, of Gedney M. Howe III, P.A., and E. Bart Daniel, both of Charleston, and Robert E. Stepp, Robert E. Tyson, Jr., and Roland M. Franklin, Jr., all of Sowell Gray Stepp & Laffitte, LLC, of Columbia, for Respondent.

## PER CURIAM.

The Attorney General appeals the circuit court's order finding the state grand jury lacks subject matter jurisdiction to investigate a violation of the Ethics, Government Accountability, and Campaign Reform Act [1] (Ethics Act). We reverse.

### FACTS/PROCEDURAL BACKGROUND

On February 14, 2013, the Attorney General received an ethics complaint, alleging possible violations of the Ethics Act by the Speaker of the House of Representatives, Robert W. Harrell, Jr. (the Speaker), originally submitted by a private citizen to the House Legislative Ethics Committee (House Ethics Committee).[2] That same day, the Attorney General forwarded the complaint to South Carolina Law Enforcement Division (SLED), and SLED carried out a 10–month criminal investigation into the matter. At the conclusion of the investigation, the Chief of SLED and the Attorney General petitioned the presiding judge of the state grand jury to impanel the state grand jury on January 13, 2014. Acting presiding judge of the state grand jury, the Honorable L. Casey Manning, subsequently impaneled the state grand jury.[3]

On February 24, 2014, the Speaker filed a motion to disqualify the Attorney General from participating in the state grand jury investigation. On March 21, 2014, a hearing was held on the motion. Following that hearing, the court *sua sponte* raised the issue of subject matter jurisdiction, and another

---

1. S.C.Code Ann. §§ 8–13–100 to –1520 (Supp.2013).

2. There is no House Ethics Committee investigation currently pending.

3. The details of the impaneling petition are not public, have not been provided to the Speaker, and were not placed into evidence in the court below when this matter was heard.

hearing was held on May 2, 2014, to address the jurisdictional issue.

By order dated May 12, 2014, the court found it—as presiding judge of the state grand jury—"lack[ed] subject matter jurisdiction" to hear any matter arising from the Ethics Act, and refused to reach the issue of disqualification. In essence, the court found that because the complaint was civil in nature, the state grand jury lacked criminal jurisdiction to investigate, and likewise, the Attorney General lacked the authority to investigate absent a referral from the House Ethics Committee. More specifically, the court found "that ethics investigations concerning members and staff of the Legislature are solely within the Legislature's purview to the exclusion of the Courts," and, as such, any alleged criminal violations which arise out of the Ethics Act must be referred from the legislative investigative body to the Attorney General. Citing *Rainey v. Haley*, 404 S.C. 320, 327–28, 745 S.E.2d 81, 85 (2013), the court found the Attorney General's investigation "premature" because the Ethics Act's "administrative remedies have not been exhausted." Finally, the court held that its exercise of jurisdiction over the present action would contravene principles of the separation of powers. Thus, the court discharged the state grand jury and ordered the Attorney General to cease his criminal investigation.[4]

---

4. The circuit court specifically stated that its order was not issued pursuant to section 14–7–1630(G) of the South Carolina Code, and ordered the Attorney General and state grand jury to cease investigating this matter because "subject matter jurisdiction was lacking ... *ab initio.*" *See* S.C.Code Ann. § 14–7–1630(G) (Supp.2013) ("If ... the presiding judge determines that the state grand jury is not conducting investigative activity within its jurisdiction or proper investigative activity, the presiding judge may limit the investigation so that the investigation conforms with the jurisdiction of the state grand jury and existing law or he may discharge the state grand jury. An order issued pursuant to this subsection or pursuant to subsection (F) ... may be appealed by the Attorney General to the Supreme Court. If an appeal from the order is made, the state grand jury, except as is otherwise ordered by the Supreme Court, shall continue to exercise its powers pending disposition of the appeal."). On May 19, 2014, the Attorney General filed a "Petition for Supersedeas and Interim Relief pursuant to S.C.Code Ann. § 14–7–1630(G)" in this Court. By order dated May 20, 2014, we found the motion was unnecessary because the order was automatically stayed pending appeal pursuant to section 14–7–1630(G). Therefore, the state grand jury investigation is ongoing.

The Attorney General appealed pursuant to sections 14–7–1630(G) and 14–8–200(b)(6)[5] of the South Carolina Code and Rule 203(d)(1)(A)(v), SCACR.[6] By order dated May 19, 2014, this appeal was expedited.

## ISSUE

Whether the circuit court erred in discharging the state grand jury after finding that it lacked jurisdiction to investigate allegations stemming from violations of the Ethics Act?

## STANDARD OF REVIEW

█ "Appellate courts are bound by fact findings in response to motions preliminary to trial when the findings are supported by the evidence and not clearly wrong or controlled by error of law." *State v. Amerson,* 311 S.C. 316, 320, 428 S.E.2d 871, 873 (1993).

## ANALYSIS

### I. Jurisdiction

The Ethics Act is "a comprehensive statutory scheme for regulating the behavior of elected officials, public employees, lobbyists, and other individuals who present for public service." *Rainey,* 404 S.C. at 323, 745 S.E.2d at 83 (citations omitted).

█ To enforce the Ethics Act, the General Assembly created the State Ethics Commission and the Senate and House Legislative Ethics Committees. S.C.Code Ann. §§ 8–13–310,–510 (Supp.2013). "[T]he House and Senate Legislative Committees are charged with the exclusive responsibility for the handling of ethics complaints involving members of the Gener-

---

**5.** *See* S.C.Code Ann. § 14–8–200(b)(6) (Supp.2013) ("Jurisdiction of the court does not extend to appeals of the following, the appeal from which lies of right directly to the Supreme Court: ... an order limiting an investigation by a state grand jury pursuant to Section 14–7–1630....").

**6.** *See* Rule 203(d)(1)(A)(v), SCACR ("The notice of appeal shall be filed with the clerk of the lower court and with the Clerk of the Supreme Court in the following cases: ... Any order limiting an investigation by a State Grand Jury under S.C.Code Ann. § 14–7–1630.").

al Assembly and their staff." *Rainey,* 404 S.C. at 324, 745 S.E.2d at 83 (citations omitted).

The House Ethics Committee must conduct its investigation of a complaint filed pursuant to the Ethics Act in accordance with section 8–13–540. *See* S.C.Code Ann. § 8–13–540 (Supp. 2013). This section provides, in relevant part:

If after [a] preliminary investigation, the ethics committee finds that probable cause exists to support an alleged violation, it shall, as appropriate:

(a) render an advisory opinion to the respondent and require the respondent's compliance within a reasonable time; or

(b) convene a formal hearing on the matter within thirty days of the respondent's failure to comply with the advisory opinion. All ethics committee investigations and records relating to the preliminary investigation are confidential. No complaint shall be accepted which is filed later than four years after the alleged violation occurred.

S.C.Code Ann. § 8–13–540(1)(a)–(b). Following a formal hearing, if the committee finds that a member has violated the Ethics Act, the Act requires the committee to:

(a) administer a public or private reprimand;

(b) determine that a technical violation as provided for in Section 8–13–1170 has occurred;

(c) recommend expulsion of the member; and/or,

(d) *in the case of an alleged criminal violation, refer the matter to the Attorney General for investigation.*

S.C.Code Ann. § 8–13–540(3)(a)–(d) (emphasis added).

The circuit court read into section 8–13–540(3)(d) a requirement that a House Ethics Committee investigation and referral occur prior to the Attorney General's initiation of his own criminal investigation, which the Attorney General argues was clearly erroneous in light of our constitution and this Court's precedents. We agree.

In *State v. Thrift,* this Court announced that legislative jurisdiction over violations of the Ethics Act is civil in nature. *See Thrift,* 312 S.C. 282, 440 S.E.2d 341 (1994). There, the State appealed a pre-trial order of the circuit court dismissing the indictments against multiple defendants charged with pub-

lic corruption. *Id.* at 287, 440 S.E.2d at 344. The State in *Thrift* submitted that if the Court interpreted a prior version of the Ethics Act [7] to require the State Ethics Commission to refer criminal allegations to the Attorney General as a precondition to the institution of a criminal investigation in every prosecution, then the referral scheme was unconstitutional. *Id.* at 307, 440 S.E.2d at 355.

Noting that the State possesses "wide latitude in selecting what cases to prosecute and what cases to plea bargain," the Court observed that the Attorney General's authority to prosecute derives from our state constitution and thus "cannot be impaired by legislation." *Thrift,* 312 S.C. at 307, 440 S.E.2d at 355; *see* S.C. Const. art. V, § 24 (providing that "[t]he Attorney General shall be the chief prosecuting officer of the State with authority to supervise the prosecution of all criminal cases in courts of record"). Therefore, the Court deemed any requirement placing the power "to supervise the prosecution of a criminal case in the hands of the Ethics Commission" unconstitutional. *Id.*

However, *"by recognizing the civil nature of the Ethics Act complaint,"* the Court avoided the constitutional problem caused by the referral language of the old scheme, and concluded:

> In light of our narrow construction of the statute, . . . . the referral system only applies to civil complaints to the Ethics Commission which are referred by it to the Attorney General for criminal prosecution. ***The absence of a complaint to the Ethics Commission will never operate as a limitation upon the State's independent right to initiate a criminal prosecution.***

*Id.* (emphasis added).

Rather than looking to *Thrift,* the circuit court found that the House Ethics Committee had exclusive jurisdiction over this matter, relying on the more recent case, *Rainey v. Haley. See* 404 S.C. at 322, 745 S.E.2d at 82.

In *Rainey,* the appellant sought a civil declaratory judgment in the court of common pleas that Governor Nikki Haley was criminally culpable for ethical violations allegedly commit-

---

7. *See* S.C.Code Ann. §§ 8–13–10 to –1020 (1986).

ted while she was a member of the House of Representatives. 404 S.C. at 322, 745 S.E.2d at 82. We affirmed the circuit court's dismissal of the action for lack of jurisdiction, finding the House Ethics Committee had *exclusive* jurisdiction to hear a civil ethics complaint against one of its members. *Id.*[8]

Other than the particular situation defined in section 8–13–530(4), we stated "the Legislature has granted exclusive authority over ethical complaints to the appropriate Ethics Committee" and "it is therefore clear the Legislature intended the respective Ethics Committee to otherwise have exclusive authority to hear alleged ethics violations of its own members and staff." *Id.* at 325–26, 745 S.E.2d at 84. Finally, we opined:

[T]he South Carolina Constitution and this Court have expressly recognized and respected the Legislature's authority over the conduct of its own members. Consequently, a court's exercise of jurisdiction over Appellant's ethical complaint against Governor Haley would not only contravene the clear language of the State Ethics Act, it would also violate separation of powers.

In sum, ethics investigations concerning members and staff of the Legislature are intended to be solely within the Legislature's purview, to the exclusion of the courts, except in the singular circumstance expressly provided for in section 8–13–530(4).

*Id.* at 326–27, 745 S.E.2d at 84–85 (footnotes omitted) (internal citations omitted).

■ Here, the circuit court placed great significance on the "exclusivity" language in *Rainey*, but failed to consider that case in context: a civil declaratory judgment action. *Rainey* does not affect the clear and unambiguous holding of *Thrift*, as

---

8. In so holding, we noted that the statutory scheme permitted court intervention to the exclusion of the House Ethics Committee in the limited situation outlined in section 8–13–530(4) of the South Carolina Code. *Rainey*, 404 S.C. at 325, 745 S.E.2d at 83–84 (citation omitted); *see* S.C.Code Ann. § 8–13–530(4) (Supp.2013) ("No complaint may be accepted by the ethics committee concerning a member of or candidate for the appropriate house during the fifty-day period before an election in which the member or candidate is a candidate. During this fifty-day period, any person may petition the court of common pleas alleging the violations complained of and praying for appropriate relief by way of mandamus or injunction, or both.").

*Rainey* addressed the civil regulatory function of the House Ethics Committee and not a criminal prosecution. Consequently, *Rainey* is distinguishable, and the circuit court erred in relying on it for the proposition that the House Ethics Committee has exclusive jurisdiction over this matter. Furthermore, the circuit court's finding that a referral from the House Ethics Committee was required before the Attorney General could initiate a criminal investigation into this matter not only contravenes *Thrift*, but more importantly, runs afoul of Article V, section 24 of our constitution.

While the Speaker concedes that *Thrift* applies here, he contends that the Attorney General mischaracterizes the circuit court's order, asserting that because the court found that the allegations were "conclusively within the Ethics Code" and the "Attorney General has failed to offer or present to the Court any evidence or allegations which are criminal in nature," in the absence of evidence of conduct constituting a crime, neither the Attorney General nor the state grand jury investigations may proceed without a referral from the House Ethics Committee.

The problem with the Speaker's argument is that it presumes that any complaint originating as a violation of the Ethics Act can never be criminal in nature. To the contrary, section 8–13–1520 provides:

(A) Except as otherwise specifically provided in this chapter, a person who violates any provision of this chapter is guilty of a misdemeanor and, upon conviction, must be fined not more than five thousand dollars or imprisoned for not more than one year, or both.

(B) A person who violates any provision of this Article 13 is guilty of a misdemeanor and, upon conviction, must be fined not more than five hundred percent of the amount of contributions or anything of value that should have been reported pursuant to the provisions of this Article 13 but not less than five thousand dollars or imprisoned for not more than one year, or both.

S.C.Code Ann. § 8–13–1520 (Supp.2013). Thus, the Ethics Act criminalizes violations, and it is in the Attorney General's

exclusive discretion to prosecute such violations.[9]  This discretion, while not limitless, is undoubtedly broad.  In *Thrift,* this Court explained:

> Both the South Carolina Constitution and South Carolina case law place the unfettered discretion to prosecute solely in the prosecutor's hands.  The Attorney General as the State's chief prosecutor may decide when and where to present an indictment, and may even decide whether an indictment should be sought.  Prosecutors may pursue a case to trial, or they may plea bargain it down to a lesser offense, or they can simply decide not to prosecute the offense in its entirety.  The Judicial Branch is not empowered to infringe on the exercise of this prosecutorial discretion; however, on occasion, it is necessary to review and interpret the results of the prosecutor's actions.  We must, therefore, analyze the State's agreement within our judicial constraints.

312 S.C. at 291–92, 440 S.E.2d at 346–47 (footnotes omitted).

The House Ethics Committee's concurrent civil regulatory authority does not affect the Attorney General's authority to initiate a criminal investigation in any way, whether or not there is a referral, or even a pending House investigation. We liken the House Ethics Committee's authority to govern its members to that of the legal, medical, or any other professional field where, by virtue of receiving a license to practice the profession, the member's behavior is policed by a professional organization.  For example, a doctor is subject to oversight by the South Carolina Board of Medical Examiners (the Board) and may have his or her medical license rescinded in disciplinary proceedings, while simultaneously being the focus of a criminal investigation and prosecution, all for the same behavior.  Just as a decision (or lack thereof) by the Board would not delay or interrupt a concurrent criminal investigation, the status of a House Ethics Committee investigation cannot affect the Attorney General's decision regarding a criminal prosecution.  Thus, we find that the Attorney General's investigation is not circumscribed by the nature of

---

9.  At oral argument, the Attorney General stated that the decision to prosecute alleged violations of the Ethics Act hinges upon whether the conduct constituting the violation is intentional.

the complaint that triggered the investigation, and whether or not it arises as an alleged violation of the Ethics Act is irrelevant.

Therefore, the circuit court erred in concluding that the House Ethics Committee has exclusive jurisdiction over this complaint.

## II. Discharging the State Grand Jury

Having decided that the court erred in finding it was without jurisdiction as presiding judge of the state grand jury to hear these matters, we reiterate that while its rationale was misplaced, the court acted well within its statutory authority in assessing the jurisdiction of the state grand jury beyond the impanelment stage.

■ "Subject matter jurisdiction is the power to hear and determine cases of the general class to which the proceedings in question belong." *Skinner v. Westinghouse Elec. Corp.*, 380 S.C. 91, 93, 668 S.E.2d 795, 796 (2008) (citations omitted). "South Carolina circuit courts are vested with original jurisdiction in civil and criminal cases, except those cases in which exclusive jurisdiction shall be given to inferior courts, and shall have such appellate jurisdiction as provided by law." *Rainey*, 404 S.C. at 323, 745 S.E.2d at 83 (citing S.C. Const. art. V, § 11). "In determining whether the Legislature has given another entity exclusive jurisdiction over a case, a court must look to the relevant statute." *Id.* (quoting *Dema v. Tenet Physician Servs.—Hilton Head, Inc.*, 383 S.C. 115, 121, 678 S.E.2d 430, 433 (2009)).

The state grand jury's authority "extends throughout the State." S.C.Code Ann. § 14–7–1630(A) (Supp.2013). However, despite its statewide reach, "its jurisdiction is limited to certain offenses" enumerated in section 14–7–1630. *State v. Wilson*, 315 S.C. 289, 291, 433 S.E.2d 864, 866 (1993) (citation omitted). Relevant to this case, the subject matter jurisdiction of a state grand jury covers "a crime, statutory, common law or other, involving public corruption as defined in [s]ection 14–7–1615,[10] a crime, statutory, common law or other, arising

---

10. Public corruption is broadly defined as "any unlawful activity, under color of or in connection with any public office or employment," by:

out of or in connection with a crime involving public corruption . . . , and any attempt, aiding, abetting, solicitation, or conspiracy to commit a crime, statutory, common law or other, involving public corruption. . . ." S.C.Code Ann. § 14–7–1630(A)(3) (Supp.2013).

The Attorney General may seek impanelment of the state grand jury "[w]henever the Attorney General and the Chief of [SLED] consider it necessary and normal investigative or prosecutorial procedures are not adequate." *Id.* § 14–7–1630(B).

In such a case, "the Attorney General may petition in writing to the chief administrative judge of the judicial circuit in which he seeks to impanel a state grand jury for an order impaneling a state grand jury." *Id.* § 14–7–1630(B) (Supp. 2013). The petition for impanelment "must allege the type of offenses to be inquired into" and "in all instances must specify that the public interest is served by the impanelment." *Id.* After "due consideration," the impaneling judge "may order the impanelment of a state grand jury in accordance with the petition for a term of twelve calendar months." *Id.* § 14–7–1630(D).

Once impaneled, the statute further charges the presiding judge of the state grand jury to hear matters pertaining to the state grand jury proceedings:

Except for the prosecution of cases arising from indictments issued by the state grand jury, the presiding judge has jurisdiction to hear all matters arising from the proceedings of a state grand jury, including, but not limited to, matters relating to the impanelment or removal of state grand jurors, the quashing of subpoenas, the punishment for con-

(1) any public official, public member, or public employee, or the agent, servant, assignee, consultant, contractor, vendor, designee, appointee, representative, or any other person of like relationship, by whatever designation known, of any public official, public member, or public employee under color of or in connection with any public office or employment; or

(2) any candidate for public office or the agent, servant, assignee, consultant, contractor, vendor, designee, appointee, representative of, or any other person of like relationship, by whatever name known, of any candidate for public office.

S.C.Code Ann. § 14–7–1615(B)(1)–(3) (Supp.2013).

tempt, and the matter of bail for persons indicted by a state grand jury.

*Id.* § 14–7–1730 (Supp.2013). Moreover,

> If ... the presiding judge determines that the state grand jury is not conducting investigative activity within its jurisdiction or proper investigative activity, the presiding judge may limit the investigation so that the investigation conforms with the jurisdiction of the state grand jury and existing law or he may discharge the state grand jury.

*Id.* § 14–7–1630(G).

Plainly, the statute contemplates assessment of jurisdiction by the presiding judge beyond the impanelment stage and discharging the state grand jury as a possible outcome.

While the crime of public corruption *could* include violations of the Ethics Act, the state grand jury's jurisdiction is confined to the purposes set forth in the constitution and the state grand jury statute, as circumscribed by the impaneling order. While we reverse the circuit court's order, we in no way suggest that it was error for the presiding judge to inquire whether the state grand jury was "conducting investigative activity within its jurisdiction or proper investigative activity." S.C.Code Ann. § 14–7–1630(G); *cf. Thrift*, 312 S.C. at 311 n. 15, 440 S.E.2d at 357 n. 15 (noting that "[t]he grand jury is more than a mere instrument of the prosecution").[11]

### CONCLUSION

For the foregoing reasons, we reverse the circuit court order, and remand this case to the circuit court for a decision on whether the Attorney General should be disqualified from participating in these state grand jury proceedings.[12]

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.

---

11. Due to the secrecy afforded state grand jury proceedings, future arguments regarding jurisdiction, or any other ancillary matter, should be held *in camera.*

12. At oral arguments, the Attorney General conceded that the motion for disqualification was properly before the presiding judge at this stage of the investigation.