# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Centennial Casualty Co., Inc., Petitioner,

v.

Western Surety Company, d/b/a CNA Surety,
Respondent.

Western Surety Company, d/b/a CNA Surety,
Defendant/Third-Party Plaintiff,

v.

Charleston Auto Auction, A3 Auto Center, LLC, and
Wylie Mickle, Third-Party Defendants.

Appellate Case No. 2014-001521

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal from Charleston County
J. C. Nicholson, Jr., Circuit Court Judge

---

Opinion No. 27522
Submitted April 7, 2015 – Filed May 13, 2015

---

## REVERSED AND REMANDED

---

Ian S. Ford, of Ford Wallace Thomson LLC, of
Charleston, for Petitioner.

Sidney Markey Stubbs, of Baker Ravenel & Bender, LLP, of Columbia, for Respondent.

---

**PER CURIAM:**  This matter is before the Court by way of a petition for a writ of certiorari to review the court of appeals' decision in *Centennial Casualty Co. v. Western Surety Co.*, 408 S.C. 554, 758 S.E.2d 916 (Ct. App. 2014).  We grant the petition, dispense with further briefing, reverse, and remand to the court of appeals.

## I.

Charleston Auto Auction (Charleston Auto) is a wholesale auctioneer of automobiles.  Charleston Auto facilitates the sale of automobiles between dealerships by acting as an agent and legal representative, collecting and dispersing funds for purchases, and conveying title between the buyers and sellers.  In 2008, an automobile dealer, A3 Auto Center (A3), sought to purchase three automobiles from other car dealerships (Sellers) and use Charleston Auto to facilitate the sale.

Under section 56-15-320(B) of the South Carolina Code (Supp. 2014) (Dealer Bond Statute), all dealers and wholesalers are required to obtain a surety bond "as indemnification for loss or damage suffered by an owner of a motor vehicle, or his legal representative."  Pursuant to this statutory requirement, A3 obtained a surety bond from CNA Surety.

Charleston Auto located the three vehicles that A3 sought to purchase from the Sellers.  Charleston Auto arranged the sales and the bills of sale contained language appointing Charleston Auto as the agent and legal representative of both A3 and the Sellers for the purpose of processing the transactions.  A3 paid Charleston Auto for the vehicles with three checks, which were eventually returned for insufficient funds.  Therefore, Charleston Auto sought reimbursement from its insurance carrier, Centennial Casualty Co., who is the Petitioner in this matter.  Petitioner paid Charleston Auto's claim and demanded reimbursement from CNA Surety pursuant to A3's surety bond.  CNA Surety refused to pay, contending that the Dealer Bond Statute did not apply to the transaction as neither Petitioner nor Charleston Auto was a "legal representative" who suffered a loss or damage.

Petitioner filed suit against CNA Surety, claiming that Charleston Auto was the "legal representative" of A3 and the Sellers and that Petitioner was subrogated to

Charleston Auto's rights to seek damages under the Dealer Bond Statute.  The trial court found that Petitioner was entitled to reimbursement under A3's surety bond, and CNA Surety appealed.  The court of appeals reversed,[1] finding that "[Charleston Auto] and [Petitioner] were not legal representatives of the Sellers" because Charleston Auto "did not stand in the shoes of the Sellers."  *Centennial Cas. Co.*, 408 S.C. at 559, 759 S.E.2d at 918.  Petitioner filed a petition for writ of certiorari contending that the court of appeals ignored the "legal representative" designation in the bills of sale and misapplied the plain language of the Dealer Bond Statute.  We agree.

## II.

The Dealer Bond Statute "specifically states the purpose of a dealer's bond is to indemnify 'for loss or damage suffered by *an owner of a motor vehicle, or his legal representative*.'"  *Mid-State Auto Auction of Lexington, Inc. v. Altman*, 324 S.C. 65, 69, 476 S.E.2d 690, 692 (1996) (quoting S.C. Code Ann. § 56-15-320(B)).  In fact, the Dealer Bond Statute provides that "[a]n owner or his legal representative who suffers the loss or damage has a right of action against the dealer or wholesaler and against the dealer's or wholesaler's surety upon the bond and may recover damages."  S.C. Code Ann. § 56-15-320(B).

"The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature."  *Rainey v. Haley*, 404 S.C. 320, 323, 745 S.E.2d 81, 82 (2013) (citing *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000)).  "'Where the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning.'"  *Id.* (quoting *Hodges*, 341 S.C. at 85, 533 S.E.2d at 581).

Here, the bills of sale unequivocally appointed Charleston Auto as the "agent and legal representative" of both A3 and the Sellers in connection with the sales transactions.  Thus, under the plain language of the Dealer Bond Statute, we find that Petitioner, the legal subrogee of Charleston Auto, is entitled to bring an action on A3's surety bond.

---

[1] CNA Surety raised other challenges to the trial court's order in its appeal, but the court of appeals did not rule upon those challenges, finding the "legal representative" issue to be dispositive.

**III.**

We reverse and remand to the court of appeals for consideration of CNA Surety's remaining challenges to the trial court's order.

**REVERSED AND REMANDED.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**