**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Edward Spears, Appellant,

v.

Michael S. Hopewell, Respondent.

Appellate Case No. 2020-000479

―――――――――――

Appeal From Florence County
Michael G. Nettles, Circuit Court Judge

―――――――――――

Unpublished Opinion No. 2022-UP-280
Submitted June 1, 2022 – Filed June 29, 2022

―――――――――――

**AFFIRMED**

―――――――――――

Edward Spears, of Florence, pro se.

Michael Charles Abbott, of Abbott, McKissick & Hopewell, LLC, of Florence, for Respondent.

―――――――――――

**PER CURIAM:** Edward Spears filed this action in magistrate court alleging Michael Hopewell committed obstruction of justice under federal law and seeking to recover $7,500 in damages. He now appeals the circuit court's denial of his motion to reinstate his case to the magistrate court, grant of Hopewell's motion to dismiss, and determination that the statute of limitations barred Spears's claim. On appeal, Spears argues the circuit court erred in (1) determining the magistrate court

properly transferred the case to the circuit court; (2) finding obstruction of justice is not a civil cause of action in South Carolina; and (3) finding his claim was barred by a three-year statute of limitations for "general tort" actions.  We affirm.

1.  We hold the circuit court did not err in finding the magistrate court properly transferred the case because Hopewell asserted actual and punitive damages in excess of $7,500 in his counterclaims.  *See generally* S.C. Code Ann. § 22-3-10 (2007) (stating magistrate courts have jurisdiction over civil cases where the damages claimed do not exceed $7,500); Rule 9(b) SCRMC (requiring the transfer of civil cases from the magistrate court to the circuit if the defendant asserts a counterclaim exceeding $7,500 and does not waive the damages above $7,500 then "the entire action shall be transferred to the circuit court"); S.C. Code Ann. § 22-3-30 (2007) ("When a counterclaim is filed which if successful would exceed the civil jurisdictional amount as provided in Section 22-3-10, then the initial claim and counterclaim must be transferred to the docket of the common pleas court for that judicial circuit."); Rule 13(j), SCRCP ("In an action brought in a court of limited jurisdiction, in the event the counterclaim . . . is in excess of the jurisdictional amount . . . the action shall be transferred to the circuit court . . . .").  Hopewell timely filed his amended answer and counterclaims because he filed them fifteen days after Spears filed his amended complaint.  *See* Rule 15(a) SCRCP (stating when a plaintiff is permitted to amend his complaint, the defendant "shall plead in response to an amended [complaint] . . . within *fifteen days* after service of the named amended pleading . . . unless the court otherwise orders" (emphasis added)).[1]

2.  We hold the circuit court did not err in ruling that obstruction of justice is not a civil cause of action in South Carolina.  Therefore, only prosecutors and the attorney general may bring criminal actions in South Carolina, not private civilians.  *See* S.C. Const. art. V, § 24 ("The Attorney General shall be the chief

---

[1] As to Spears's argument the transfer was a result of bias, Spears failed to provide a sufficient record for this court to evaluate whether the circuit court acted improperly or was biased against him.  *See In re Est. of Moore*, 435 S.C. 706, 715, 869 S.E.2d 868, 872-73 (Ct. App. 2022) ("The [a]ppellant bears the burden of providing a sufficient record on appeal from which this court can make an intelligent review."); *id.* at 715, 869 S.E.2d at 873 ("In the absence of such a record, [an] issue cannot be considered on appeal." (quoting *Bonaparte v. Floyd*, 291 S.C. 427, 444, 354 S.E.2d 40, 50 (Ct. App. 1987))); *see also* Rule 210(h), SCACR ("[T]he appellate court will not consider any fact which does not appear in the Record on Appeal.").

prosecuting officer of the State with authority to supervise the prosecution of all criminal cases in courts of record."); *In re Richland Cnty. Magistrate's Court*, 389 S.C. 408, 411, 699 S.E.2d 161, 163 (2010) ("The South Carolina Constitution, South Carolina statutes and case law place the unfettered discretion to prosecute *solely* in the prosecutor's hands." (emphasis added)); *see also Rainey v. Haley*, 404 S.C. 320, 332, 745 S.E.2d 81, 87 (2013) (Beatty, J., concurring) ("By precluding a private citizen from prosecuting a criminal action, the interests of the public are best served as the 'powers of the State are employed only for the interest of the community at large' as opposed to the potential self-interest of a private party." (quoting *In re Richland*, 389 S.C. at 412, 699 S.E.2d at 163)).

Because the circuit court did not err in finding Spears could not bring an obstruction of justice action against another citizen, we hold the circuit court did not err in dismissing Spears's claim on the basis that he failed to state a claim. *See* Rule 12(b)(6), SCRCP (requiring a claimant to "state facts sufficient to constitute a cause of action"); *Williams v. Condon*, 347 S.C. 227, 233, 553 S.E.2d 496, 499 (Ct. App. 2001) (stating this court, when considering a motion to dismiss a complaint, will construe the complaint in the light most favorable to the nonmovant and determine if the "facts alleged and the inferences reasonably deducible from the pleadings would entitle the plaintiff to relief on any theory of the case"); *In re Richland*, 389 S.C. at 411, 699 S.E.2d at 163 (holding prosecutors, not private citizens, bring criminal actions in South Carolina).

Additionally, we hold Spears's argument that the circuit court was required to follow federal law in deciding this case is not preserved for appellate review. *See Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 24, 602 S.E.2d 772, 780 (2004) ("A party *must* file [a Rule 59(e)] motion when an issue or argument has been raised, but not ruled on, in order to preserve it for appellate review.").

3. We hold the circuit court did not err in finding the statute of limitations had lapsed. *See* S.C. Code Ann. § 15-3-530 (2005) (informing that the statute of limitations for general torts is three years).[2]

Finally, we hold Spears's argument that his claim was timely under the federal obstruction of justice statute of limitations is not preserved for appellate review. *See Elam*, 361 S.C. at 24, 602 S.E.2d at 780 ("A party *must* file [a Rule 59(e)]

---

[2] The circuit court's citation to S.C. Code Ann. § 15-3-350 (2005) was a typographical error.

motion when an issue or argument has been raised, but not ruled on, in order to preserve it for appellate review.").

**AFFIRMED.**[3]

**WILLIAMS, C.J., and KONDUROS and HEWITT, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.